# THE CITY OF CHICAGO

*v.*

## MICHAEL SHEEHAN.

*Filed at Ottawa May 15, 1885.*

1.  NEGLIGENCE—*contributory*—*negligence of third person*—*accident without negligence*—*capacity in which person injured was acting.* In an action by the driver of a hose-cart, against a city, to recover for an injury received from a collision of his vehicle with a pile of stone left in a street, an instruction was asked by the city directing the jury to find in its favor if the plaintiff, or the person riding with him, might, by ordinary care, have seen the obstruction and avoided the injury, which the court modified by striking out the name of such other person, and then gave it: *Held*, no error in the modification, as only the plaintiff's case was involved.

2.  And in the same case, the defendant asked the court to instruct the jury to find the defendant not guilty if the tipping over of the cart was the result of a mere accident, to which the court added the words, "and without negligence of the defendant:" *Held*, no error in the modification, as without it the instruction was calculated to mislead.

3.  In such case, in passing upon the question whether the plaintiff was using due care at the time of the collision of his cart with a pile of stone left in the street, the jury may properly take into consideration the fact that the plaintiff was, at the time, in the discharge of his duties as a fireman.

4.  MEASURE OF DAMAGES—*for personal injury from negligence*—*allegations and proofs in that regard.* In an action for damages for a personal injury caused by negligence, the jury, in assessing the plaintiff's damages, may take into consideration any permanent injury the plaintiff may have sustained, without any allegation in the declaration of a permanent injury. It is enough if the declaration shows the injury was received, without describing it in all its seriousness.

5.  INSTRUCTION—*construed, as to whether it assumes the existence of a fact.* In an action by one against a city to recover for a personal injury, the court instructed the jury "that if they shall believe, from the evidence, that on, * * * in the night time, the plaintiff was driving a hose-cart along S. street, and using ordinary care and prudence on his part, and if the jury shall further believe, from the evidence, that said hose-cart collided with a pile of stones then standing in said S. street while the plaintiff was exercising such care, and that by reason of said pile of stones said street was in an unsafe condition for ordinary travel, and that the plaintiff was injured thereby, and has sustained damages, and if you further believe, from the evidence, that such injury arose and was caused through and by the negligence of the

defendant in not exercising reasonable care and supervision in keeping said street in a reasonably safe condition for ordinary travel, you will find the defendant guilty:" *Held,* the instruction did not assume the pile of stones made the street in an unsafe condition for ordinary travel, but left it to the jury to find what the fact was in that respect.

6. SAME—*whether evidence on which to base an instruction.* In a suit by one against a city to recover for an injury caused by leaving a pile of stone in a public street, the facts and circumstances were detailed to the jury on the trial, and this was held sufficient to authorize a clause in the plaintiff's instructions submitting the question of fact whether the plaintiff at the time of the injury was "using ordinary care and prudence on his part."

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. CLARENCE A. KNIGHT, and Mr. GEORGE MILLS ROGERS, for the appellant.

Messrs. MONROE & LEDDY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by Michael Sheehan, against the city of Chicago, to recover for an injury sustained by the plaintiff through the alleged negligence of the defendant. The plaintiff recovered in the Superior Court of Chicago a judgment for $2500, which was affirmed by the Appellate Court for the First District, and an appeal taken by the defendant to this court.

The injury occurred under the following circumstances: On September 16, 1882, the plaintiff was in the employ of the fire department of the city of Chicago, as driver of a hose-cart. The engine with which he was connected was situated on Lake street, between Clinton and Jefferson streets, in said city. About nine o'clock on the night of said day his company received a call to a fire on Canal street, between Van Buren and Harrison streets, to which they immediately responded. Plaintiff was driving the hose-cart. Captain Murphy, who

had charge of the company, was with plaintiff on the driver's seat, and three other men were also riding on the hose-cart. Plaintiff drove down South Canal street and across Van Buren street, and very near the location of the fire, and at this point he pulled his team to the left, and toward the east side of the street, to avoid a fire engine and hook and ladder truck, which had previously arrived and taken possession of the right or west side of the street, and while in the act of so pulling to the left or east side of the street, the hose-cart plaintiff was driving came in contact with a large pile of stones in the street, and plaintiff and his companions were thrown from the hose-cart, and plaintiff severely injured.

The two instructions which were given for the plaintiff, it is argued, were erroneous. To the first it is objected, that it assumes the pile of stone made the street in an unsafe condition for ordinary travel. We do not view the instruction as liable to this objection, but that it leaves it with the jury to find what the fact was in that respect. It is further objected there was no evidence on which to base the requirement of the instruction that plaintiff should have been "using ordinary care and prudence on his part." The facts and circumstances were all detailed before the jury, and it was for the jury to find from them whether the plaintiff was in the exercise of ordinary care and prudence. The instruction, with the propriety of which we alone have to do, is unobjectionable in that particular.

Objection is made to the second instruction, that it allows the jury, in assessing damages, to take into consideration any permanent injury the plaintiff may have sustained, and that this was erroneous, because there was no allegation in the declaration of the receipt of a permanent injury. There is no force in this objection. It is enough that the declaration showed the injury received, without describing it in all its seriousness, and the recovery could be to the whole extent of the injury.

Complaint is made of the modifying of three instructions asked by the defendant. One was, as asked, to find for the city if the plaintiff, or captain Murphy, might, by the exercise of ordinary care, have seen the obstruction, and avoided coming in contact with it. The court struck out the words "or captain Murphy," and gave the instruction as thus modified. We perceive no error in this. It was only the plaintiff's care and caution,—what he did or·omitted to do,—which was involved.

Another instruction asked, was to find the defendant not guilty if the tipping over of the hose-cart was the result of a mere accident; to which the court added the words, "and without negligence of the defendant," and then gave the instruction. We can not say this was error. Without the addition, the instruction was liable to mislead the jury.

The further instruction was, to find for the city if the jury believed, from the evidence, that had plaintiff exercised ordinary care he might have passed to one side of such stones, and thus avoided the fall. The court modified the instruction by inserting after the words "ordinary care," the words "in view of his duties as a fireman," and as thus modified gave the instruction. We find no substantial error in this modification. The question was one of due care under all the circumstances of the case. The circumstance that plaintiff was a fireman, and exercising at the time the duties of a fireman, might, not improperly, be considered.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*