BENTLEY, HATFIELD & BENTLEY v. MARY F. BROWN.

1. LEGAL SERVICES; *Value; Opinions of Witnesses.* A court or jury trying the question of the value of legal services is not bound to accept as conclusive the opinions given by attorneys respecting such value. While the opinions of professional witnesses, who are familiar with the character and compensation usually paid for legal services, are entitled to great weight, such opinions are only to be considered in connection with the other testimony in the case, in the light of which, and of its own general knowledge, the court or jury should for itself determine the value.

2. ———— *Conclusive Finding.* The finding of the trial court, being based on conflicting testimony, is as conclusive as the verdict of a jury, and therefore cannot be successfully assailed in this court.

*Error from Sedgwick District Court.*

THE opinion states the nature of the action, and the material facts.   July 11, 1885, judgment was rendered for the plaintiff *Brown* for $972.45.   The defendants bring the case here.

*Bentley, Hatfield & Bentley,* plaintiffs in error, for themselves.
*Adams & Adams,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Mary F. Brown brought this action against Bentley, Hatfield & Bentley, to recover the sum of $1,071.60. They are lawyers who had been employed by her to attend to several matters and proceedings in which she was interested. While serving in that capacity they received from several

sources moneys belonging to her, and for which this action was brought. They admitted the receipt of the money, and that they were accountable for the amounts charged against them; but they set up a claim that she was indebted to them in a much larger sum for the legal services which they had performed for her, and they prayed judgment against her for a balance of $580. She replied that a final settlement had been made, and that she had made payment in full for the legal services charged against her. The cause was tried without a jury, and the court found and stated the facts, and reached the conclusion that the plaintiff below was entitled to recover on her demand the sum of $972.45, for which amount judgment was given.

The complaint of the plaintiffs in error is, that the court disregarded the testimony in the findings which it made. There was a long list of charges for legal services which ran through a period of about two years, upon each of which the court found specially as to the nature and extent of the services rendered, and the value of the same. Several attorneys were called, who testified as experts in regard to the value of the services rendered, and it is now contended that the court erred in placing a lower estimate upon the value of the services than was done by the professional witnesses produced by the plaintiffs in error. The judge or jury trying the question of the value of professional services is not bound to accept as conclusive the opinions of the professional witnesses. In this case there was considerable testimony produced beside the opinions of the experts; and their opinions respecting the value of the services were not at all harmonious. There were before the court the terms of employment, the character of the litigation in which the services were rendered, the manner in which the services were performed, the time occupied, and the benefits resulting to the defendant in error from the services. It was the duty of the court to consider all these matters in determining the value of the services. The court could not abdicate the duty of exercising its own judgment, and blindly accept the judgment of the experts. The opinions of profes-

**1. Value of legal services; opinions of witnesses, not conclusive.** sional men who are conversant with the nature and value of legal services, are entitled to great weight, but such opinions are not binding or conclusive. They should be considered in connection with all the other testimony and circumstances of the case; and the court or jury trying the fact must not only weigh the conflicting opinions of the witnesses, but must use and apply its own general knowledge and judgment in the light of the testimony, to determine the value of the services. (*Anthony v. Stinson,* 4 Kas. 211; *Head v. Hargrave,* 105 U. S. 45; *Rose v. Spies,* 44 Mo. 20.) Although the plaintiffs in error were very successful in the litigation and business which they carried on and performed for the defendant in error, we cannot say that the court was unjust in the allowance of compensation, nor that the findings were without support.

But apart from the foregoing consideration, the findings of the court will compel an affirmance of the judgment. In the 28th finding it is stated "that on the 15th day of August, 1884, the plaintiff paid to the defendant, O. H. Bentley, the sum of $250 on account of his services, and that the said payment was understood by both parties at the time to be in full of all services rendered by the defendants, or either of them, to the plaintiff, up to that time." There is a further finding that after this payment and settlement, the only service rendered by the defendants, or either of them, was in the trial of a certain case for which the compensation was fixed by agreement between the parties, together with some work which was done toward the making of a case for the supreme court, and an allowance was made for both of these items by the trial court. The testimony concerning the settlement is conflicting, but it is sufficient to sustain the finding when it is assailed **2. Conclusive finding.** here. A finding made by the trial court upon conflicting testimony is as conclusive when attacked in this court as is the verdict of a jury; and the findings alluded to practically dispose of all the objections which have been urged by the plaintiffs in error.

The judgment of the district court must be affirmed.

All the Justices concurring.