THE CHICAGO CITY RAILWAY COMPANY

v.

GEORGE H. HASTINGS.

*Filed at Ottawa January 22, 1891.*

1. EVIDENCE—*to impeach correctness of one's own affidavit.* In an action for personal injury through the alleged negligence of the defendant, the latter read an affidavit obtained by its agent of the plaintiff, showing that the latter was injured through his own negligence. The plaintiff was called in rebuttal, and was allowed, over defendant's objection, to testify that his statements were not correctly embodied in the paper, and it was not properly read to him, and that he signed the same without reading it, under the belief that it was correct: *Held,* that his testimony was properly admitted, as tending to impeach the correctness of the affidavit.

2. INSTRUCTIONS—*foundation in the pleadings and evidence.* In an action for a personal injury the court instructed the jury, that in estimating the damages they might consider the plaintiff's loss of time, so far as shown by the evidence. The declaration showed that the plaintiff's left thigh was dislocated and fractured, and that he was otherwise injured, but did not state how long he was unable to do business, and the evidence showed the extent and character of the injury, but failed to show the number of days he was disabled and unable to pursue his usual business: *Held,* that the allegation of the injury, and the evidence, were sufficient to justify the instruction.

3. And where the declaration shows a ground of action arising from the negligence of the defendant, a direction to the jury, in the charge of the court, that "if you find the defendant guilty as charged," will not be erroneous.

4. SAME—*error cured in the same instruction.* In one part of an instruction the court informed the jury that an affidavit of the plaintiff was introduced for the purpose of impeaching him, when, in fact, it was offered as an admission of his own negligence. This was held improper. But the error was cured by the concluding part of the charge, in which the jury were directed, in plain words, that if they believed, from the evidence, that the accident occurred in the manner set out in the affidavit, then plaintiff could not recover.

5. SAME—*repeating.* Where the substance of refused instructions is given to the jury in a charge prepared by the court, the refusal of those asked will work no injury, and can not be assigned for error.

6. Error will not always reverse—*instruction not predicated on the evidence.* The giving of an instruction containing a correct proposition of law, not predicated upon evidence introduced on the trial, will not, as a general rule, be such error as to call for a reversal. Such an instruction ought not to reverse, unless it appears from the record that the party was in some manner prejudiced by it.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. John P. Altgeld, Judge, presiding.

Mr. C. M. Hardy, for the appellant.

Mr. Ernest Dale Owen, and Mr. Seth F. Crews, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought by George H. Hastings against the Chicago City Railway Company, to recover damages for an injury received while attempting to get upon the defendant's car, as a passenger, in the month of May, 1887.

It is alleged in the declaration, that on, to-wit, the 20th day of May, A. D. 1887, the defendant, being a body corporate under the name and style aforesaid, was the owner of a street railway which operated its cars by cable and steam power over and along South State street, in the city of Chicago, county of Cook, for the conveyance of passengers, and the plaintiff avers, that while standing a few feet north of the north line of the intersection of State street and Twenty-fourth street, in said city of Chicago, and near the track of the defendant's railway, he hailed the driver of the grip car going north, with the proper signal, and that the said driver stopped the cars in answer to the plaintiff's signal, and that while plaintiff was in the act of stepping upon the foot-board of the front or grip car, in his effort to get aboard said car, with all due care and diligence, the defendant's servant negligently and carelessly caused the said car to be suddenly and violently started for-

ward, by means whereof the plaintiff, in the exercise of proper care, was violently thrown to the ground and his left thigh dislocated and fractured, and the plaintiff otherwise injured; that in consequence of such injuries he has been sick and languishing from thence hitherto, and the plaintiff further avers, that in consequence of such injuries he has become permanently crippled, and has been forced to pay a large sum of money for the services of physician and nurses' care and attention, to-wit, the sum of $500. To the declaration the defendant pleaded the general issue, and on a trial before a jury the plaintiff recovered a verdict and judgment, which, on appeal, was affirmed in the Appellate Court.

On the trial the defendant read in evidence an affidavit signed and sworn to by the plaintiff, which purported to contain a statement of the manner in which the plaintiff was injured. The affidavit was procured by the agents of the defendant from the plaintiff, and from the statements contained therein, if correct, it was manifest that the plaintiff was injured through his own negligence. After the affidavit had been read to the jury, the plaintiff was called as a witness to explain the circumstances under which it was obtained, and that it did not contain a correct statement of the facts as they had been given by him to the person who drafted the affidavit; that he had not read it before it was signed, but relied upon the person who drafted the paper to read it correctly, which had not been done. Several objections have been urged against the admissibility of this evidence, but we do not regard any of them well taken. If the affidavit signed by the plaintiff had been deliberately and understandingly made, showing, as it did, negligence on his part, it would have been strong, if not conclusive, evidence against his right of recovery. If, on the other hand, he was imposed upon, and his signature fraudulently obtained to a paper containing a statement which he never in fact made, and which was not true, he ought not to be bound and concluded by such a statement. We think the

evidence of the plaintiff was properly admitted, as tending to impeach the affidavit which defendant had read to the jury.

The plaintiff requested the court to give, in his behalf, eleven instructions, and the defendant requested the court to give, in its behalf, three instructions; but the court refused all that were asked by both parties, and prepared a charge thought to contain all the law required by the facts established by the evidence, and gave it to the jury. The substance of the three instructions asked by the defendant was given to the jury in the charge prepared by the court. The refusal, therefore, of those three instructions did not, in the least, injure the defendant, and it can not complain of the action of the court in that regard. But it is said the charge was erroneous in instructing the jury that in estimating the damages they might consider plaintiff's loss of time, so far as shown by the evidence. This position, as we understand the argument, is predicated on the fact that there was no claim in the declaration for loss of time, or proof of loss of time. In *City of Chicago* v. *Sheehan*, 113 Ill. 658, an objection was made to an instruction informing the jury that they might take into consideration any permanent injury plaintiff may have sustained, on the ground there was no allegation in the declaration of a permanent injury. We there held there was no force in the objection, and said: "It is enough that the declaration showed the injury received, without describing it in all its seriousness, and the recovery could be to the whole extent of the injury." The ruling in the case cited will apply here. The declaration set out the injury received, and the evidence established the extent and character of the injury; and while the evidence may not have shown the exact number of days lost by plaintiff, it showed the fact that plaintiff was disabled and unable to pursue his usual business, and from these facts loss of time was so far established that the jury might properly take that into consideration in estimating the damages sustained.

Another objection to the instruction of the court is, that the jury was directed as follows: "If you find the defendant guilty as charged," etc. We perceive no force in this objection. The charge which the defendant was called upon to meet was contained in the declaration, and if established, as alleged, a recovery might be had, as was stated by the court. In one portion of the charge the court informed the jury that the affidavit of the plaintiff read in evidence was introduced for the purpose of impeaching the plaintiff. This was not, strictly speaking, correct. In one sense it might have been used for the purpose of contradicting the evidence of the plaintiff given on the trial, and hence be called impeaching evidence; but the real object of the affidavit put in evidence was to show, by the declarations of the plaintiff, that the injury was received through his negligence, and we think that portion of the charge was improper. But this error was cured by the concluding part of the charge, in which the jury were directed, in plain words, that if they believe, "from the evidence, that the accident occurred in the manner set out in the affidavit, then plaintiff can not recover." By this part of the charge the purpose of the affidavit is so clearly stated that the jury could not be misled by what was said before, and although a slight error was committed, it is not sufficient ground for reversing the judgment.

It is also claimed that there is no evidence upon which to predicate that part of the charge in regard to comparative negligence. That may be true; but an instruction containing a correct proposition of law will not, as a general rule, be sufficient ground for reversing a judgment upon the ground, alone, that it is not predicated upon evidence introduced on the trial. Such an instruction ought not to reverse a judgment unless it appears from the record that the party was in some manner prejudiced by it. That does not appear here.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*