THE GREGORY GROCERY COMPANY v. E. O. BEATON.

No. 422.* (62 Pac. 732.)

EVIDENCE—*Attorney's Fees.* A person not an attorney may testify to the value of the services of an attorney, if he shows that he is acquainted with the value of such services.

Error from Wyandotte district court; H. L. ALDEN, judge. Opinion filed October 27, 1900. Affirmed.

*Nathan Cree,* and *George W. Littick,* for plaintiff in error.

*Getty & Hutchings,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.: This action was instituted in the district court to recover damages alleged to have been sustained by the defendant in error by reason of the plaintiff in error having unlawfully caused his stock of goods to be tied up by a certain attachment and two garnishments. Upon a trial to a jury a verdict was found for the defendant in error, upon which a

* Petition for order to certify denied by supreme court December 20, 1900.—REP.

judgment was rendered for $784.   To reverse this the case is brought here.

The first specification of error is in overruling the motion of the plaintiff in error for an order requiring the defendant in error to separately state and number his causes of action.   This motion was properly overruled, as there was but one cause of action stated in the petition.   The second allegation of error is in overruling the demurrer to the petition on the ground that it did not state a cause of action.   The petition stated a good cause of action and there is no merit in this allegation.   The third and fourth specifications of error are that the court misdirected the jury in its instructions.   It is contended that there was no evidence to sustain the third instruction, and that the fourth instruction assumed contested facts.   While an officer in the service of a process is not in the full sense of the term the agent of the party suing out the writ, yet where the process is illegally issued and served, the party causing it to be done is responsible for the damage caused thereby.   We fail to find any assumption of a contested fact in the fourth instruction.

As to the recovery for the necessary attorney's fees in relieving the property from its illegal restraint, we think this was properly a part of the damages necessarily sustained by the defendant in error, and we cannot accept the proposition that one who is not an attorney is not competent to express an opinion as to the value of an attorney's services.   On the contrary, we think, as was said in *Hand. v. Church*, 39 Hun (N.Y.), 303 : "The competency of the witness did not necessarily depend upon his being a lawyer, but upon the fact whether he had been so instructed by experience as to have peculiar sources of knowledge to guide him

upon the subject.'' Other persons besides professional men have knowledge of the value of professional services, and if they have such knowledge they may testify upon that subject. (See *Bentley v. Brown*, 37 Kan. 15, 14 Pac. 434.)

The seventh specification of error is in the refusal of the court to permit the introduction of evidence as to other attachments levied on the defendant in error's goods. There was no error in this. It does not release one tort feasor from liability to show that others assisted in perpetrating the wrong. (Addison, Torts, 94).

The eighth specification of error is in admitting evidence as to the alleged sale to McCullough. This was properly admitted, not only upon the question of the value of the goods, but as showing the circumstances under which the transactions took place.

All claims for malice being waived upon the trial, the ninth specification of error, in relation to the plaintiff in error having taken the advice of counsel, needs no consideration.

It does not seem to us that the judgment was greater than warranted by the evidence. We find no reversible error in the case.

The judgment of the district court is affirmed.