T. A. NOFTZGER v. THOMAS MOFFETT AND JOHN
MOFFETT, *as Partners, etc.*

No. 12,210.    (65 Pac. 670.)

SYLLABUS BY THE COURT.

1. FEES AND SALARIES—*Attorney's Lien Sustained.* Where a
party intervenes in an attachment proceeding and claims the at-
tached property, and ultimately obtains an order and judgment
for the recovery of the same or its value, the property having in
the meantime been converted into money by order of the court,
the proceeds being in the hands of the attaching party, and
where the attorney for the intervening party claims and gives due
notice of an attorney's lien, the fund in the hands of the attach-
ing party arising from the sale of the attached property becomes
subject to the attorney's lien.

2. —— *Notice of Lien.* A written notice of an attorney's lien
served on the attorney of record of the adverse party holding the
funds is sufficient.

3. —— *Proof of Amount Due Attorney.* Where the character
and importance of the litigation, the labor and time expended by
the attorney therein and the result of the same are shown or con-
ceded, the court has a basis for determining the value of the serv-
ices rendered by the attorney without the opinion of experts as to
such values; and where it thus appears that the attorney was en-
titled to a substantial recovery for such services, the court errs in
holding that he was not entitled to recover anything.

Error from Harper district court; G. W. McKAY,
judge. Opinion filed July 6, 1901. Divison one.
Reversed.

STATEMENT.

THIS was an action by T. A. Noftzger to enforce an
attorney's lien against a fund which was in the hands
of Moffet Brothers. The cause was determined upon
the following agreed statement of facts:

"1. That on the 20th day of November, 1893, the
defendants in this action began a suit in the district
court of Harper county, Kansas, against one Frank
Boydston for the recovery of an alleged indebtedness

to them and that in said action an order of attach-
ment was issued and levied by the sheriff of said
Harper county on twenty-three head of steers.

"2.  That afterward, on the 26th day of December,
1893, one Mrs. Euphaney Kitty Boydston filed a mo-
tion in said action claiming the ownership of said
twenty-three head of steers and the right of posses-
sion thereof, and asking the court to make an order
directing and commanding the sheriff to restore said
cattle to her and for her costs; that upon the hear-
ing of said motion the motion was sustained, and the
sheriff of Harper county, Kansas, was directed to re-
turn to Mrs. Euphaney Kitty Boydston said cattle.

"3.  That said Moffett Brothers gave a bond to stay
said proceedings under the order of the court made
upon the determination of said motion, and obtained
an order of said court directing the sheriff of Harper
county, Kansas, to sell said cattle, and that the
sheriff of said county, acting under said order, sold
said cattle and paid the proceeds thereof to Moffett
Brothers.

"4.  That said Moffett Brothers, plaintiffs in said
action and defendants in this action, prosecuted pro-
ceedings in error from the order of the district court
of Harper county, Kansas, directing the sheriff to de-
liver said steers to Mrs. Euphaney Kitty Boydston, to
the court of appeals of the state of Kansas, for the
purpose of obtaining a reversal of said order, and to
stay said order pending said appeal, did, on April 3,
1894, give a supersedeas bond conditioned to pay to
said Euphaney Kitty Boydston all damages that she
might sustain by reason of said proceedings in error
and all costs in the supreme court, if said order
should be affirmed; that upon a hearing of said cause
in the court of appeals the decision and judgment of
the district court of Harper county, Kansas, was
affirmed, and that a mandate bearing date of Septem-
ber 26, 1896, was issued in said action directed to the
district court of Harper county, Kansas, commanding
that, without delay, execution be had on the said
judgment of the court of appeals according to law.

"5. That on the 5th day of October, 1896, an order of the district court of Harper county, Kansas, was made in said cause directing said mandate to be spread upon the journal of the court, and ordering that the attached property, or the value thereof, be returned to Mrs. Euphaney Kitty Boydston.

"6. That the plaintiff in this action, T. A. Noftzger, was employed as an attorney in said action by Mrs. Euphaney Kitty Boydston, and was at all times herein mentioned an attorney at law duly admitted to practice in all the courts of Kansas.

"7. That George E. McMahan was employed by the plaintiffs in said action, Moffett Brothers, defendants in this action, as an attorney in said action, and was on the 14th day of December, 1896, attorney of record in said action for said Moffett Brothers.

"8. That on the 14th day of December, 1896, the plaintiff in this action, T. A. Noftzger, served a notice on the said George E. McMahan, as attorney of record for said defendants, as follows : (The notice was in due form and claimed a lien for the sum of $105 for attorney's fees for services rendered in the action. Service of the notice was duly acknowledged.)

"9. That after the service of said notice of the attorney's lien as aforesaid and before the commencement of this action, the said Moffett Brothers, defendants herein, settled with said Euphaney Kitty Boydston and paid to her about the sum of $800, which sum was received by her in full settlement of her claim against them on account of the taking of said cattle.

"10. That said Moffett Brothers have never paid to this plaintiff any part of said attorney's fees, nor has the said plaintiff, T. A. Noftzger, ever been paid said fees by Euphaney Kitty Boydston, or by any one else.

"11. That before the commencement of this action, and after said settlement of said Moffett Brothers with said Euphaney Kitty Boydston, said plaintiff, T. A. Noftzger, demanded of said Moffett Brothers the payment of said attorney's fees and said demand was refused, and said last-mentioned settlement was made without the knowledge or consent of said plaintiff, T. A. Noftzger.

"12. That said Euphaney Kitty Boydston is a nonresident of the state of Kansas.

"13. That at the time of the payment of said sum above mentioned to Euphaney Kitty Boydston by said Moffett Brothers, no actual notice of said plaintiff's claim for attorney's fees as aforesaid had ever been brought to their personal knowledge in any manner."

No evidence was introduced and the cause was submitted solely upon the agreed facts. The court found in favor of the defendants, and the plaintiff brings the case here for review.

*Garver & Larimer*, for plaintiff in error.

*Washbon & Washbon*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : Was the plaintiff entitled to an attorney's lien on the funds in the hands of the defendants? or, Did the defendants render themselves liable to the plaintiff for the attorney's fees by ignoring notice of the lien and by the payment of the entire amount in their hands to another? According to the facts stated, the fee was earned in the case in which notice of the lien was given, and the money in controversy, which was in the hands of Moffett Brothers, was money due to Mrs. Boydston, a client of the attorney, as determined in the proceedings in which the attorney was employed. The statute provides :

"An attorney has a lien for a general balance of compensation . . . upon money due to his client, and in the hands of the adverse party, in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party." (Gen. Stat. 1901, § 395.)

Mrs. Boydston intervened in an attachment proceeding, and it was in that case that her right to the

attached property was determined. The property was sold and converted into money by virtue of an order made by the court in that case, and the judgment of the court was that the property or *its value* should be forthwith returned to her. When the judgment was returned, Moffett Brothers had in their possession about $800, received from the sale of the property under the order of the court. It was the proceeds of the property in controversy, property which had been converted into money, and was held by the defendant subject to such order as the court might make. The money belonged to plaintiff's client. It was in the hands of parties who were adverse to her in the action. It was the fruits of the labor and skill of plaintiff, and, under the statute quoted, it was chargeable with the lien for his fee.

The notice of the lien was sufficient to bind Moffett Brothers. It was in writing, and was served upon the attorney of record in the case. The attorney of record was the representative of the defendants, and acted for them in this matter as much as in any other involved in the action, and service upon him effectively bound them. (*K. P. Rly. Co. v. Thacher*, 17 Kan. 92.)

It is next contended that, as the exact amount due was not stipulated nor shown, no recovery whatever can be had. To recover the full amount claimed, the plaintiff should have shown his services were worth that sum. The showing made, however, entitled the plaintiff to a recovery of a substantial amount. By the stipulation he estimated the value of the services to be $105, and that was the amount claimed in the lien and named in the notice of lien. The facts agreed upon show the character of the litigation, the nature and extent of the services rendered, and, also, that the plaintiff was successful in both courts in

which the case was pending.   The character and the importance of the litigation, the labor and time necessarily involved therein and the result of the same are elements to be considered by the court in determining the value of the services rendered by the attorney. All of these things being shown or conceded, the court, with its knowledge of the value of legal services, had a basis for determination.   The opinion of experts as to such values, if given, would not have been conclusive upon the court, as it must in the end apply its own general knowledge, and from all the circumstances and testimony decide what the value of legal services is.   (*Bentley v. Brown,* 37 Kan. 14, 14 Pac. 434.)   It is said that no expert proof was offered because there was no dispute as to the value of the services, and judging by the amount asked by the plaintiff, and from the character and extent of the services rendered, this may very well have been true.   Enough appeared, however, to show that the plaintiff was entitled to a substantial recovery for the services shown to have been rendered, and the court erred in holding that he was not entitled to recover anything.

The judgment will therefore be reversed, and the cause remanded for a new trial.

DOSTER, C.J, GREENE, POLLOCK, JJ., concurring.