Amos Mecartney v. John Caskey, *as County Treasurer, etc., et al.*

No. 13,004.    (71 Pac. 832.)

SYLLABUS BY THE COURT.

Taxation — *Certificates Held by Non-residents.* Tax-sale certificates issued by a county treasurer of this state on sales of real estate for delinquent taxes, owned by a non-resident of the state, are not subject to taxation in this state.

Error from Wyandotte court of common pleas; William G. Holt, judge. Opinion filed March 7, 1903. Reversed.

*Bird, Madden & Pope,* for plaintiff in error.

*James S. Gibson,* county attorney, *E. A. Enright,* and *B. S. Smith,* for defendants in error.

The opinion of the court was delivered by

Burch, J.: The plaintiff in error is, and at all times material to this controversy has been, a citizen and resident of the state of California. He employed an agent residing and having an office in Wyandotte county to attend the annual tax sales of that county and bid for real estate sold at such sales. In

this manner he acquired and holds tax-sale certificates to the amount of $3000. These certificates are sometimes kept in California and sometimes at the office of the agent in Kansas. Plaintiff in error is merely an investor and not a dealer in such property, and does not embark in any form of business enterprise in this state. The city assessor of Kansas City, Kan., assessed the certificates in the hands of the agent there. A tax of $150 was levied on the certificates and a warrant issued for the collection of such tax. An action of injunction was commenced against the officials to prevent the enforcement of the tax. A temporary restraining order was granted and issues framed by proper pleadings. When the cause came on for hearing an objection to the introduction of evidence under the petition was sustained on the ground that it did not state facts sufficient to constitute a cause of action, and judgment was rendered in favor of defendants for costs. Was this error?

The right of a bidder at a tax sale to the redemption money, if the land be redeemed, or to a conveyance, if no redemption be made, accrues from his bid, its acceptance by the treasurer, and the payment of the money. Upon payment of the bid the treasurer issues a certificate, and at the close of the sale makes a record evidencing the rights flowing from the sale. The certificate and the record in themselves neither create property nor invest the purchaser with property. The person entitled to the certificate may collect the redemption money even though the certificate be lost or withheld from him, and upon its loss he may have a duplicate issued to him, if the land be not already redeemed. The essential and valuable thing is the right of the certificate holder. Paper, with a distribution of ink upon it made by pen or

type, whether in loose sheets or bound in a book, is incidental. It merely furnishes evidence. The actual property is incorporeal and intangible. The right does not inhere in the evidentiary document. The right evidenced does not attend the instrument. On the other hand, in contemplation of law the evidence is attendant upon the right. That which is subsidiary follows that which is primary. The right resides with the owner. It has no situs independent of the owner. The situs of the right and of the document evidencing it is, therefore, with the owner. If the owner be a resident of the state, the situs of the right, and of the evidence incident to it, is with him in the county, township and school district of his residence, no matter in what county the tax sale may have been made or where the certificate may be held. If the owner be a non-resident the certificate has no situs in this state.

Circumstances may arise under which exceptions to this doctrine may be urged. An owner may separate his certificates from himself, attach them to some locality apart from his residence, and employ them there in such manner as to effect a permanent submission of them to the latter jurisdiction. Or, the legislature may express a purpose to regard the presence in the state of tax-sale certificates belonging to a non-resident as a submission of them to the jurisdiction, and, therefore, require a contribution upon them to the support of the government. But no such conduct on the part of the owner appears in this case, and no such legislative declaration has been made in this state.

The decision in *Kingman Co. v. Leonard*, 57 Kan. 531, 46 Pac. 960, 34 L. R. A. 810, is of controlling authority on this question. That case related to the

taxation of a domestic judgment owned by a non-resident, and the legislature has placed judgments and tax-sale certificates in the same category for purposes of taxation. (Gen. Stat. 1901, § 7503.) In the opinion it was said that the decision of *Fisher v. Comm'rs of Rush Co.*, 19 Kan. 414, is an extreme one; that it has been criticized, and that a resident of this state may be taxed on money due him from citizens of another state, even after the claim has been reduced to judgment there. It is further said that, in determining the situs of a judgment, weight should be given to the rule that credits are generally regarded as residing with the creditor; that if the holder of a judgment were a resident of this state the situs of the judgment would be with him at his place of residence; and that the natural implication from the language employed by the legislature would seem to be that, as to the situs of credits for taxation, the general rules recognized were intended to be followed. As a conclusion, it was held that the judgment was free from taxation in this state; that is, a domestic judgment owned by a non-resident, like a tax-sale certificate owned by a non-resident, has no independent situs of its own, and its situs, like the situs of a tax-sale certificate, is that of its owner until the legislature shall undertake to change it.

The judgment of the lower court is reversed, and the cause remanded for further proceedings.

All the Justices concurring.