The Cudahy Packing Company v. Wilson H. Broadbent.

No. 13,839. (79 Pac. 126.)

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Pleading and Proof.* Under an allegation in a petition that the injury complained of had resulted in bruising, maiming and injuring the plaintiff, and had caused him to become sick and sore, and had fractured his left leg, thereby causing him great bodily pain and mental anguish, proof may be received that eight days after the happening of the accident, and after the leg was first set, it became necessary to rebreak the uniting bones and reset the same, thereby causing the plaintiff pain.

2. ———— *Pleading and Proof.* In pleading the character of an injury it is not necessary to give a specific catalogue of every incident or subordinate result flowing therefrom in order to introduce proof of such results; but the pleading of such injury will permit proof of all results which naturally and proximately ensue therefrom.

3. ———— *Pleadings and Declarations of Attorney—Defective Road.* It was claimed in the petition that the accident which resulted in the injury complained of was caused by the negligence of the defendant in making a road along which plaintiff was driving, in that the road was built of loose and incompact material, such as sawdust, pieces of boards, sticks, and shavings. A declaration of the plaintiff's attorney during the progress of the trial that he did not claim that the road itself was so made, but the ground upon which the road was built, did not amount to an abandonment of the negligence as claimed in the petition.

4. ———— *Proof of Expense for Services of Surgeons and Nurses.* Evidence showing in a general way that surgeons and nurses had bestowed considerable time and attention upon plaintiff without in any manner showing the value of such services does not alone afford sufficient basis for a verdict for such expenses. A verdict rendered on such evidence should be set aside.

Error from Wyandotte district court; E. L. Fischer, judge. Opinion filed January 7, 1905. Modified and affirmed.

*McFadden & Morris*, for plaintiff in error.

*Getty, Hutchings & Dean*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action brought by the defendant in error to recover for personal injuries sustained by being thrown from a wagon heavily loaded with lumber as he was driving into the grounds upon which the plant of the plaintiff in error was located.

Broadbent was an employee of a lumber company which was supplying lumber to the packing company. He was sent to deliver a heavy load of lumber, according to the order of the packing company, at its plant. He was directed to drive along a certain roadway to a given point. In so doing the front wheels of the wagon sank suddenly into the soft roadway and he was thrown forward and downward upon the tongue, breaking one of his legs and sustaining other injuries.

The particular negligence of the packing company, as charged by the petition, was that it—

"negligently and carelessly constructed and maintained a certain road or driveway, . . . at a point near the said main entrance, and upon the land of said defendant; . . . . that said last-mentioned road or driveway was carelessly and negligently constructed and maintained by the said defendant company in this, to wit, that said last-mentioned road or driveway was elevated above the general surface of said land by the placing of loose and incompact dirt and materials, to wit, pieces of boards, boxes, chips, shavings, sweepings and refuse from the plant and yard of said defendant company, the same being covered by cinders loosely placed or dumped thereon, all of said material in said road or driveway being unpacked or rolled and in such a condition that the same

was unsafe and dangerous for the passage of loaded wagons thereon, and the wheels of said loaded wagons or teams would easily sink or cut into the material composing said road or driveway, and that the same was so as aforesaid negligently and carelessly permitted by said defendant so to remain."

The character of his injuries, as stated in his petition, was that he was thrown against and across the the tongue, and between the horses, thereby—

"bruising, maiming and injuring plaintiff and causing him to become sick and sore, and fracturing his left leg midway between his ankle and knee, thereby causing plaintiff great bodily pain and mental anguish, which he will continue to suffer during the remainder of his life, and permanently injuring him."

He claimed damages in the total sum of $2000, itemized as follows: General injury, $1700; loss of time, $150; medicines and medical services, $150. The jury awarded him damages in the sum of $1999, without itemizing the specific amounts. A motion for a new trial was denied, and the defendant now seeks a reversal of the judgment.

The first assignment of error arises upon the court's permitting plaintiff to show that eight days after the occurrence of the accident the surgeons rebroke the partially united bones of his leg and reset the same, having discovered that, either by reason of faulty setting in the first place, or by a misplacing of position by involuntary or accidental movement subsequent thereto, the fractured parts were not properly adjusted. It seems that this operation was not a very serious one. One of the surgeons testified that the process of knitting of the bones had not then begun, because the broken surfaces were not in apposition, except slightly so where the fractured parts touched edgewise. The operation, however, caused the plain-

tiff pain, and it is claimed by the packing company that the court erred in permitting this to be considered by the jury as an element of plaintiff's damages; not because it might not be recovered for had it been properly pleaded, but because the allegations of plaintiff's damages did not specifically point out this item. Various decisions of this court are cited to the point that proof should be confined to the issues made by the pleadings. We do not disagree with counsel as to this rule; however, it does not require that every incident of, or subordinate result flowing from, an injury should be pointed out or complained of in order to warrant a recovery. Such a rule would result in infinite prolixity, and tend to confuse, rather than to inform.

The general rule is that the pleading of an injury inflicted will admit proof of all results which naturally and approximately ensue or may reasonably be expected to result therefrom. The employment of a surgeon to set the broken leg was certainly such a result. That the surgeon might make a mistake in so doing might reasonably be anticipated, as mistakes occur under the manipulation of the most skilful. Even had an unskilful surgeon been employed, and a misalignment made by him, without fault on the part of the plaintiff, still we are of the opinion that the general allegations of the petition would have been sufficient to admit the criticized proof, especially in the absence of any counter-allegation in the answer.

The Encyclopedia of Pleading and Practice, volume 5, page 746, states the rule as follows:

"It is not necessary in such actions that the petition should undertake to give a specific catalogue of the plaintiff's injuries. It is enough that the declaration shows the injury complained of without de-

scribing it in all its seriousness, and a recovery should be had in proportion to the extent of the injury.

"Nor do the rules of pleading require that every effect or result following the infliction of particular injuries shall be set forth in the declaration in order to recover therefor, since such a course would, in effect, require the pleading of the entire evidence."

In *City of Chicago v. Sheehan*, 113 Ill. 658, the doctrine was stated thus :

"It is enough that the declaration showed the injury received without describing it in all its seriousness, and the recovery could be to the whole extent of the injury."

In *The Ohio & Mississippi Railroad Company v. Hecht*, 115 Ind. 443, 17 N. E. 297, the complaint set out that the plaintiff was injured as follows :

"His foot and ankle were sprained, strained, and otherwise greatly injured and bruised, and the ligaments and tendons of plaintiff's foot were strained and drawn and permanently injured, so that the plaintiff suffered great pain and anguish and became sick, sore and lame."

Under this allegation the court held :

"The complaint makes a case entitling the appellee to full compensation for the injury which proximately resulted from the appellant's wrong.   Where a disease caused by the injury supervenes, as well as where the disease exists at the time of the injury, and is aggravated by it, the plaintiff is entitled to full compensatory damages."

In *Johnson v. McKee*, 27 Mich. 471, the following language was used :

"When the defendant was informed that damages were sought for sickness and disorder, and their attendant expenses, as well as for wounds and bruises, he was bound to accept evidence of any sickness the

origin or aggravation of which could be traced to the act complained of.''

In *Keyser v. C. & G. T. Ry. Co.*, 66 Mich. 390, 399, 33 N. W. 867, under an allegation that a child had his legs and arms broken and dislocated, and his body and head greatly bruised, broken, and injured, and that he was otherwise greatly hurt and wounded, it was held competent to prove that as a result he had what the witness termed fits, and was troubled with his kidneys. The court remarked :

''While the testimony showed that the ailment referred to was not the necessary consequence of the injury, it did show that it was regarded as a natural consequence, and this was sufficient to bring the proof within that portion of the declaration alleging the injury.''

In *Williams v. Railway Co.*, 102 Mich. 537, 61 N. W. 52, under a declaration alleging injuries by dislocation, straining, laceration and injuries to muscles, nerves, and otherwise, it was held admissible to prove that the plaintiff was suffering from inflammation of a nerve.

An allegation in a complaint, in *Babcock v. St. Paul, Minneapolis & Manitoba Ry. Co.*, 36 Minn. 147, 30 N. W 449, that plaintiff had suffered an injury and ''by reason thereof has been and is sick, lame, and sore, and unfitted for manual labor and has suffered great pain of body and mind,'' was held sufficient to admit evidence that the injury caused nervous prostration, spinal irritation, and torpidity of the liver.

Plaintiff in error contends that the result of the subsequent breaking and resetting of plaintiff's leg was so independent of, and disassociated from, the original injury as not to warrant a recovery therefor except by specifically pleading it. It must neces-

sarily be admitted that were this a natural or approximate result of the injury no special pleading would be required.

Upon this point the case of *Postal Telegraph Cable Company v. Hulsey*, 132 Ala. 444, 462, 31 South. 532, is in point.   There the plaintiff, whose leg had been broken through the fault of the defendant, was taken with something like colic one night, and in attempting to turn over on his side to keep from vomiting on his bed rebroke the fractured leg after the fracture had begun to unite.   The court said :

"It is not pretended that the leg was rebroken by any conscious fault of the plaintiff; but if rebroken, it was a natural result, or one liable to happen flowing from the cause of its being broken in the first instance, having immediate and causal connection therewith.   But for the original breaking, the rebreakage could not have occurred.   *Western R. of Ala. v. Mutch*, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179 ; 16 A. & E. Encycl. of L., 2d ed., 431, 436 ; *Thompson v. L. & N. R. R. Co.*, 91 Ala. 496, 8 South. 406, 11 L. R. A. 146."

To the same effect was the case of *Sauter v. N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 50, 23 Am. Rep. 18. The injury was the infliction of a hernia.   A surgical operation for relief therefrom, by a mistake of the surgeons employed, resulted in the death of the injured.   It was held that, notwithstanding this mistake, the railroad was liable for damages for his death, the original injury being the proximate cause of this result.   The court remarked :

"The employment of a surgeon was proper and may be regarded as a natural consequence of the act, and the mistake, which it is evident might be made by the most skilful, may be regarded of the same character."

Several cases are cited in support of this conclusion. (See, also, *Chicago City Ry. Co. v. Hastings,* 136 Ill. 251, 26 N. E. 594; *C. B. & Q. R. R. Co. v. Sullivan,* 21 Ill. App. 580, 17 N. E. 460.) We conclude that evidence relative to the resetting of the broken leg was proper.

As above noted, the allegation of negligence was that the road sank because it was "elevated above the general surface of said land by the placing of loose and incompact dirt and material, to wit, pieces of boards, boxes, chips, shavings, sweepings and refuse from the plant and yard of said defendant company, the same being covered by cinders loosely placed or dumped thereon, . . . in such a condition that the same was unsafe and dangerous for the passage of loaded wagons thereon."

In support of this allegation the plaintiff introduced several witnesses whose testimony tended to show that the land upon which the road was constructed was originally low and marshy; that the packing company had filled up the general surface by dumping thereon loose material of the nature and kind indicated in plaintiff's petition, and upon such surface had built the road in question out of cinders and other more substantial material. The defendant, in making its case, called witnesses to prove that the substratum was of sand, and not of the loose material shown by the plaintiff, and then, referring to the roadway above the general surface, questioned one witness as follows: "I will ask you to state whether or not there is any rubbish, like shavings or sawdust or pieces of sticks, in there?" Whereupon the attorney for the plaintiff said in open court: "We don't claim that there was in the road. We never have claimed in the road. We say, it was the ground on which the

road was built.''   No claim was made that this was an abandonment of the charge of negligence on the part of the defendant.   It proceeded with its evidence tending to prove that the road was solid, and that the accident occurred not as the plaintiff claimed, but because he had, through his own carelessness, driven off the solid roadway.

It is now claimed that in view of what the plaintiff's attorney said the court erred in instructing the jury that the plaintiff's claim of negligence was that set out in the petition.   We cannot agree with the plaintiff in error in this claim.   Neither party at the time treated the remark of plaintiff's attorney as an abandonment of his case, but both proceeded as though the allegation of the petition specifically set forth the substance of the oral statement.   More than this, the roadway must have been made up of loose materials, as indicated in the petition, if the general elevation of the land, including that immediately beneath the roadway, had been raised by the deposit of that kind of material.

The only other assignment of error arises upon an instruction given by the court as to the measure of damages.   As before indicated, the damages claimed were $1700 for general damages, $150 for loss of time, and $150 for medicines and medical and surgical attendance.   The plaintiff's evidence tended to establish the first two items.   As to the third, the only evidence was that given by the plaintiff, in which he said : ''Well, I have expended right near fifty dollars, I think.''   In addition to this he showed the employment of surgeons and nurses, and that they had bestowed upon his case considerable time and attention, the value of which is nowhere indicated.   The court instructed the jury that it might find for the plaintiff

such sum as the evidence warranted, not exceeding $2000. The jury returned a verdict for $1999. If we say that the jury allowed a full recovery of $1700 as claimed for general damages, and $150 for loss of time—which in both instances is all the jury could have allowed, being all that was claimed—there remains $149 which must have been allowed for the third item. Was this erroneous? The most that the plaintiff showed by his evidence was an expenditure of fifty dollars. No sufficient information was given the jury from which they could determine the value of services rendered by surgeons and nurses. It would be a matter of mere speculation, entirely unwarranted, to permit a jury to find the value of such services from the statement that they were rendered, accompanied by a statement, somewhat detailed, of their nature and extent. How could the jury, unskilled in such matters, be thereby sufficiently informed as to value to warrant the rendition of a verdict?

Defendant in error suggests that the cases of *Bentley v. Brown*, 37 Kan. 14, 14 Pac. 434; *Anthony v. Stinson*, 4 id. 211, and *Noftzger v. Moffett*, 63 id. 354, 65 Pac. 670, furnish authority for upholding the verdict upon the evidence introduced. These cases do not go to that extent. The first two simply declare that the opinions of experts as to values, while entitled to great weight, are not binding or conclusive, while the last one holds that where the recovery of an attorney's fee was sought, and the character and importance of the litigation, the labor and time necessarily involved therein, were shown, the court, with its knowledge of of the value of legal services, had a basis for the determination of the amount to be allowed, and that it was error to hold that the attorney was not entitled to to recover anything.

The plaintiff in error insists that this excess of ninety-nine dollars indicates such passion and prejudice on the part of the jury as to invalidate the entire verdict. We are not compelled to such conclusion. In *Railway Company v. Frazier*, 66 Kan. 422, 426, 71 Pac. 832, this court said :

"One of the grounds for a new trial mentioned in the statute is : 'Excessive damages, appearing to have been given under the influence of passion or prejudice.' It is not sufficient that the damages be excessive. It must appear from the entire case that the reason for such excessive damages is found in the passion or prejudice of the jury."

We do not find any indication of passion or prejudice in this or any other fact of this case. In a vague, general way most persons know that surgeons' fees are not always of modest proportions. The fact that in this case the jury found ninety-nine dollars to be the right sum to allow therefor indicates no prejudice on their part against the defendant, so that we are not necessarily called upon to reverse the entire judgment because of this allowance. We do, however, hold that there was not sufficient evidence to sustain such finding, and therefore direct that, in case the plaintiff below so choose, the judgment be modified by the deduction of ninety-nine dollars therefrom as of the date of its entry. In case the plaintiff do not so elect the judgment will be reversed, and a new trial awarded. The costs in this court will be divided.

All the Justices concurring.