No. 35,301

OTTO A. ADAMS, *Appellee* and *Cross-appellant*, v. LUCY BROTHERS, as Administratrix with the Will Annexed of the Estate of Effie Eyler Brothers, Deceased, *Appellant*.

(122 P. 2d 757)

Opinion filed March 7, 1942.

*Edward Wahl,* of Lyons, argued the cause for the appellant.

*J. N. Tincher,* of Hutchinson, argued the cause, and *Roy C. Davis,* of Hutchinson, and *Bronce Jackson,* of Lyons, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a sequel to a case previously decided by this court (*Brothers v. Adams*, 152 Kan. 675, 107 P. 2d 757). We refer to the opinion in that case for a statement of the preliminary facts. Following our decision in that case Otto A. Adams resigned as executor, filed his final account, and asked for an allowance for his services, expenses and attorneys' fees. Lucy Brothers, administratrix of the estate of Effie Eyler Brothers, a beneficiary of the estate, opposed the allowances. The probate court accepted the resignation, approved the account and made allowances for the items claimed. Upon an appeal to the district court from the allowances there was a trial *de novo* by the court, with an advisory jury. The issues were whether Otto A. Adams, while executor, had acted in good faith, and if so, what were reasonable sums to be allowed to him as executor, for expenses and for fees for his attorneys.

Answering special questions, the jury found Otto A. Adams had acted in good faith, also found $200 to be a fair and reasonable compensation for him as such executor, $175 for his actual and necessary expenses, $200 for an attorney fee for one attorney and $75 for another, making total allowances of $650. These findings were approved by the trial court. Lucy Brothers, as administratrix, moved to set aside each of the findings, also moved for a new trial. These motions were overruled, and she has appealed.

In this court the principal argument on behalf of appellant is in opposition to the finding of the jury and the trial court that Otto A. Adams had acted in good faith. We think the most that can be said for appellant on that point is that there was conflict in the evidence, which was voluminous. We think we are not called upon to set this evidence out at length. We have carefully examined all of it embodied in the abstracts and are confident we are unable to say there was not substantial, competent evidence to support the finding of the jury and the court on that question. Appellant also complains of the amount allowed on each of the items. The only one concerning which there could be any question was whether it was reasonably necessary to incur the expenses for which an allowance was made. The jury and the trial court were in much better position to pass on that than we are, and we find no reason to set it aside. There is nothing about the amount of the allowance for this item, or of the amounts of the other allowances, concerning which appellant can complain.

In the trial court Otto A. Adams specifically objected to the allowances made by the jury for attorneys' fees, contended they were less than any sum testified to by any witness, and moved the court to increase those allowances. The trial court denied the motion and approved the allowances found to be reasonable by the jury. From this ruling Adams appealed.

In this court his counsel in oral argument pointed to the fact that the amount of the attorneys' fees fixed by the advisory jury and approved by the trial court is less than the sum fixed by any of the expert witnesses who were called and testified on that question, and in their brief submit the matter on the record, except to say that they believe every lawyer familiar with the facts shown by the abstract is bound to recognize the compensation fixed by the advisory jury is not fair and just compensation for the services rendered. The trial court really determined this fee, since the findings of the advisory jury were questioned by both parties to the litigation. It is well settled that neither the jury nor the court is bound by the testimony of expert witnesses as to the amount of a reasonable fee under the facts shown. (*Epp v. Hinton*, 102 Kan. 435, 170 Pac, 987, and the many cases collected in *Shouse v. Consolidated Flour Mills Co.*, 128 Kan. 174, at page 178, 277 Pac. 54.)

In 5 Am. Jur. 377 it is said:

"The opinion evidence of expert witnesses, as to the value of an attorney's services, is not conclusive or binding either on the court or on the jury."

The general rule is well stated in 7 C. J. S. 1093, as follows:

"The determination of a reasonable attorney's fee for services rendered, in case of a controversy in regard thereto, is largely within the discretionary power of the court, and it may be fixed either with or without the aid of expert testimony as to value."

In this case, while the opinion of the expert witnesses as to the value of the services would have justified a larger sum for attorneys' fees than was allowed, and apart from the expert evidence the court might have allowed more upon the record as a whole, we cannot say that the trial court abused its discretion in the allowances made.

The judgment of the trial court is affirmed both on the appeal and on the cross-appeal.

Hoch, J., not participating.