This was a proceeding in error. The action below was for personal injuries, and was brought by John Baron against the plaintiff in error and C. Crane & Co. Plaintiff on the day of the alleged injury was a passenger on one of the cars of the *634 plaintiff in error, and while the ear in which he was seated was proceeding east on Eastern avenue in the city of Cincinnati, a car struck one of the wagons of C. Crane & Co., throwing the plaintiff violently to the floor, by reason of which he claims to have suffered injuries. General denials were filed by both defendants. At the close of plaintiff’s testimony defendant, C. Crane & Company, moved to be dismissed. Motion was granted over the objection and exception of plaintiff in error. The cause proceeded against plaintiff in error, and resulted in a verdict for $1,500. Judgment was in due course pronounced on said verdict, and a reversal of the same is now sought.
There are several assignments of error. It is claimed that there was no evidence to show negligence on the part of plaintiff in error; that there was no evidence to show that plaintiff below was injured as claimed; that there was error in admitting certain testimony as to the intoxication of the motorman at noon on the day of the accident; that there was error in giving and refusing certain special charges and error in the general charge.
With regard to the errors first mentioned, as there was testimony tending to show a breach of duty on defendant’s part, and also that the injury was occasioned in the manner claimed, thus warranting the action of the jury, the verdict can not be disturbed.
Nor do we think there was error in admitting testimony as to the intoxication of the motorman. The witness was permitted to testify that the motorman was in a state of intoxication about noon on the day of the accident. The accident, it seems, occurred about five o’clock of the same day. It is claimed that this testimony was incompetent because there is no allegation in the petition of general incompetency of the motorman, to the knowledge of the defendant company; also that the testimony was too remote. The charge in the petition, it will be noted, is, that the motorman negligently, carelessly and unskillfully permitted his ear to run into the wagon. This averment is sufficiently broad to make the testimony as to the physical condition of the motorman before and at the time of the accident relevant, and this is especially so if it is sought to show that his physical condition was affected by his own wrongful act. Sup *635 pose plaintiff below had attempted to show that the motorman’s lack of care grew out of the fact that he was a drinking man and that the lack of care was attributable to the effects of drink. Such were the facts in Ryne v. Railway Company, 19 N. Y. Supp., 218, 219, and it was said:
‘ ‘ The fact that the driver drank at the liquor store just before starting out on the trip, was admissible as bearing on the driver’s condition at the time of the accident. The effects of drinking are not so transitory as to make such testimony irrelevant.”
Intoxication influences .a peculiar condition of the body and faculties (Wigmore on Evidence).' and where intoxication is shown a short time before an alleged negligent act complained of, the evidence becomes admissible, because it may have a tendency to prove a lack of care. In Wright, Administrator, v. The City of Crawfordsville, it was said:
“A portion of this evidence went to show that the decedent only a few hours before this accident was intoxicated. This was proper as tending to prove that the deceased was intoxicated when he drove into the ditch, and therefore did not exercise due care. ’ ’ Wright v. The City of Crawfordsville, 142 Ind., 636, 642, 643; Rhyner v. The City of Menasha, 107 Wis., 206, 209; Wigmore on Evidence, Section 85, and cases cited.
The petition alleges that the traction company operated and ran its ears at an extremely high rate of speed along Eastern avenue, and that the motorman in charge of said car did not attempt to avoid running into said wagon, or to slacken the speed of said car, but negligently, carelessly and unskillfully permitted said car to continue at a high rate of speed until it struck the wagon. Such being the negligence complained of, it is claimed that the court below erred in its general charge, where it said—
“It was the duty of the defendant to have placed in charge ' of its car a person skilled in the knowledge and rules appertaining to the safe operation of the car.”
Also the following—
“And while the law does not require any particular form of equipment or any particular appliances for the regulation of *636 speed of its cars, or for checking their movement, it does require safe appliances and proper skill in the person operating the car, so as to perform their particular functions.”
The claim is that these instructions injected into the case two distinct issues not warranted by the pleadings; an issue as to general incompetency of the motorman, and another, as to the character of the appliances. This is claimed to be error on authority of Traction Company v. Forest, 73 O. S. But in that case, however, the issue of contributory negligence was wrongfully injected into the case, and the Supreme Court was of the opinion because of instructions upon contributory negligence, that the- jury may have implied or inferred that the traction company was negligent. In the case at bar, while it may not be technically accurate for the court in its general charge to announce the rules complained of, yet it is apparent that they were merely stated in a general way, as illustrative of correct principles, and as there was no evidence with respect to said charges, we do not think the jury could have been misled, and that the instructions amounted simply to instructions on an abstract proposition of law. This has been held not prejudicial error. P., C., C. & St. L. Ry. Co. v. Bemis, 1 N. P.— N. S., 112, affirmed without report, 71 O. S., 539. See also Cressinger v. Welch, 15 Ohio, 156, 190; Albatross v. Wayne, 16 Ohio, 513; Creed v. Commercial Bank, 11 Ohio, 489; Schneider v. Hosier, 21 O. S., 98, 113; Railway Co. v. Hastings, 136 Ill., 251.
In the latter case it was held:
“The giving of an instruction containing a correct proposition of law not predicated upon evidence introduced in the trial, will not, as a general rule, be such error as to call for a reversal; such an instruction ought not to reverse unless it appears from the record that the party was in some manner prejudiced by it.”
As already stated, the evidence adduced at the trial was wholly in support of the particular acts of negligence specifically and particularly averred in the petition. After reading the record, we can not see how the jury could possibly have *637 been misled or suffered any prejudice, because the court in its general charge adverted to the general rules above pointed out. For the same reasons, we think that the giving of Special Charge No. 2 in the record, which was a definition of the highest degree of care, was not erroneous.
It is claimed, also, that the court in its charge failed to properly define the degree of care exacted of defendant below, inasmuch as it failed to limit the “highest degree of care” to “such care as is consistent with the practical operation of the road.” And it is also claimed that the court erred to the prejudice of plaintiff in error, because in its general charge it several times repeated that part of the charge .wherein the “highest degree of care” was referred to, In 8 O. S., 570, 584, the Supreme Court said:
“We have had occasion to remark that the bill of exceptions is to receive a reasonable and not. a hypercritical construction, that the series of instructions should be taken together.”
And it also seems that the charge must be construed as a whole. See Railway v. Widden, 2 C. C.—N. S., 544; Rupp v. Shaffer, 21 C. C., 643; Ohio & Indiana Torpedo Co. v. Fishburn, 61 O. S., 608; Monroeville v. Weihl, 13 C. C., 689.
Reading the instructions together, and the charge as a whole, we think the jury was fairly instructed as to the degree of care exacted of the defendant, traction company. While the degree of care to be exercised was not limited precisely in the manner claimed by plaintiff in error, a glance at the charge will show that the court did endeavor to qualify its definition of the “highest degree of care,” so .as to distinctly impress upon the jury that the traction company was in no sense the insurer of the safety or of the life of the passenger. Special charge No. 1 was as follows:
“Said railways are public carriers. It is their duty as common carriers of passengers, to use the highest degree of care to the passengers. They must use the utmost care that they can use under the circumstances, and in view of the character of the mode of conveyance adopted, reasonably to guard against accidents and consequent injuries, and if they neglect to do so, they are to be held strictly responsible for all consequences which flow from such neglect.”
*638 In the general charge the court says:
"And it was in this connection the duty of the traction company not to expose the plaintiff to any hazard, that reasonable care and diligence could have avoided. The standard of care required of both parties is that of a prudent man, and the jury may ask the question in the consideration and determining of matters of responsibility, what ought a prudent man to have done under the same or similar circumstances.”
As already stated in another part of the court’s charge it said that the company was not the insurer, and here we find the court saying that although the carriers must use the utmost care, it is the utmost care under the circumstances in view of the mode of conveyance adopted, to reasonably guard against accidents.
There is objection also because the court failed to qualify the word "prudent” by the word "ordinarily.” This was not erroneous (see Railway v. Murray, 53 O. S., 570). It is also claimed that inasmuch as the court used the words "a prudent man” that the jury could have selected for their standard the most prudent man in the world. We hardly think that this is a fair criticism. The court was speaking of the care required of carriers generally, and it is hardly possible the jury could have thought that the reasonable care spoken of, referred to the most prudent carrier in the world. Without being hypercritical, but placing a reasonable construction upon the charge as we are required to do, we think the general and special'Charge fairly defined the "highest degree of care” required of the defendant below. Anything less would practically amount to an instruction on ordinary care.
As to the claim that the court erred because it repeated that part of the charge referring to the degree of care exacted, we can not say that the repetition was clearly unnecessary, or that it was made by way of emphasis, or for the purpose of influencing the jury’s decision, consequently the claim that the repetition was erroneous is not tenable. See Railway Co. v. Moreland, 12 O. C. D., 612, Syl. 5.
Certain special charges were requested by plaintiff in error with reference to the measure of damages. These were refused *639 by tbe court, and the substance of the same correctly given in the general charge. .,
But the plaintiff in error claims that there was no testimony in the case to show that the plaintiff lost any time as a result of- the accident, or that his earning capacity was diminished in the slightest degree. In other words, he claims that there was a total failure of proof in this regard, and instead of permitting the jury to speculate upon this question, upon which it is claimed there was no evidence, it was the duty of the court to instruct the jury that there could be no recovery on account of these elements. In the court’s general charge, he distinctly says, referring to loss of time and diminished earning capacity:
“Unless loss be shown by the testimony, no recovery could, as under this item, be found by the jury. ’ ’
If, then, the jury concluded that there was no loss in that regard, they could have rendered no damages on that account. We are of the opinion, however, that the record does tend to show that there was some pecuniary injury on account of loss of time and diminished earning capacity. At page 5 of. the record, plaintiff below testified that the next day after the accident, the injury commenced getting worse and he had to go home from his work, At pages 8, 9, 10, 13 and 45 he testifies that proper attention to his business compelled him to help unload material, do a great deal of walking, and help at work on the pile driver.. At pages 9, 11 and 15 he says that on account of the injury, he was obliged to give up his business of contracting for a period of nearly two years. In Watson on Damages for Personal Injury, Section 503, it is said:
“It is not necessary to establish definite pecuniary value of this earning capacity, or to prove the extent of the actual pecuniary loss. It is believed only requisite to make it appear that plaintiff was in possession of powers and faculties available for money earning purposes, and- the extent to which these powers and faculties have been destroyed or impaired.’’ See also Fisher v. Jansen, 128 Ills., 549.
In Voorhiss on Damages, pages 54, 55, it is said:
“Where the plaintiff is engaged in a business, and the time lost from it can not be well ascertained by reason of the non *640 existence of any rule to measure it, the jury, from all the facts before them, may in their discretion award him an amount sufficient for a reasonable compensation for time so lost.” See also Watson on Damages, Section 514, and Railway v. Vance, 41 S. W. Reporter, 167.
G. H. Warrington and T. B. Barton, Jr., for plaintiff in error.
F. L. Hoffman, for defendant in error.
O’Hara c§ Jordan, for C. Crane & Co.
It is also claimed that the court erred in refusing to give for defendant below the following special charge:
“If you find the plaintiff did not receive the injuries complained of as a result of the accident in question, then I charge you, your verdict must be for defendant, even though you find that plaintiff was injured.”
On reading the court’s general charge, however, we find that this charge was substantially given at page 301 of the record, where the court states:
“Or, reaching the conclusion that the injury complained of was not the result of the negligent conduct of the defendant company * * # it would be your duty to find for the defendant, Cincinnati Traction Co.”
Finally, was there error prejudicial to plaintiff in error, as to the dismissal of co-defendant, C. Crane & Company? At the conclusion of plaintiff’s testimony, co-defendant, C. Crane & Company, moved to be dismissed. The motion was granted. It is unnecessary to decide whether that motion was correctly granted, as the plaintiff below does not complain. The liability, if any, of these defendants, was separate as well as joint, and plaintiff in error can not complain of the action of the court below, since its rights were in no way affected. Wallace, Admx., v. Railroad Company, 36 App. Div. (N. Y.), 57.
For the reasons above given, we are of opinion that there was no error prejudicial to plaintiff in error, and the judgment is accordingly affirmed, with costs, and it is so ordered.