ALFRED FISHER v. COMM'RS OF RUSH COUNTY.

1. ASSESSMENT AND TAXATION ; *Property and Business Outside, and Beyond the Jurisdiction of Kansas.* Persons residing in this state are not subject to assessment and taxation in respect to business or interests beyond the territory and jurisdiction of the state, and which the laws of the state cannot in any way reach or protect.

2. —————— The maxim of the common law, *Mobilia sequuntur personam,* does not always nor absolutely apply for the purpose of taxation to intangible personal property.

3. —————— Where, prior to 1875, a citizen of Rush county in this state sold and conveyed certain real estate situated in Iowa, and received in part consideration from the vendee four promissory notes amounting in the aggregate to the sum of $1,800, and the notes were secured by a mortgage on the real estate conveyed by the vendor, and the contract was made in Iowa between the parties, the notes and mortgage were made payable in that state, and left there by the owner for collection, and never were in Kansas, an attempt to list and tax said notes in 1875, by the officials of Rush county, was unauthorized and illegal.

*Error from Rush District Court.*

ALL necessary facts are stated in the opinion. *Fisher* applied to the *Board of County Commissioners* and asked such board to remit certain personal-property taxes assessed against him. The county board refused to remit the taxes. The question of the legality of the taxes was by agreement submitted to the district court, and such court, at the May Term 1876, held and decreed that such taxes were legal and valid. From this decision and judgment *Fisher* appeals, and brings the case here on error.

*E. N. Gunn,* and *S. W. Taylor,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts of this case are briefly these: Prior to 1875, Alfred Fisher, of Rush county, sold and conveyed certain lands which he owned in the state of Iowa, and received as part consideration from the purchaser four promissory notes, amounting in the aggregate to the sum of

$1,800, the said notes being secured by a mortgage on the lands sold. The contract for the sale of the lands was made in Iowa, the notes were made payable in that state, were left in that state for collection, and have never been in the state of Kansas. The assessor of Brookdale township, Rush county, in 1875 listed these notes for taxation; and the sole question presented to us is, whether the said notes, deposited in the state of Iowa, and secured by a mortgage upon premises situated there, are subject to taxation under the laws of this state. To be taxable here, resort must be had to a legal fiction to draw the debt into Kansas. This court, in *Wilcox v. Ellis*, 14 Kas. 588, held the maxim, *Mobilia sequuunter personam*, does not fully apply for the purposes of taxation, even where the property is intangible. Following the argument there expressed, we find from the facts in the case at bar, that nothing pertaining to the notes, or to the debt which they evidence, has ever been in Kansas, except that the owner of the notes is here. Now as the state of Iowa, and not Kansas, must furnish the plaintiff in error with all the remedies that he may have for the enforcement of all his rights connected with said notes, debt, etc., it would seem more just, if said notes are to be taxed at all, that the state of Iowa and not Kansas should tax them, and that we should not resort to legal fictions to give the state of Kansas the right to levy taxes thereon. In support of this doctrine, we refer to the case of the *People v. Gardner*, 57 Barb. 356, in which the court says: "By a legal fiction, the personal estate of the owner has, for some purposes, been deemed to follow its owner; but in the adjustment of systems of taxation this fiction has been very generally rejected, on the ground that it was productive of unjust consequences." See also, *Hoyt v. Commissioners, &c.*, 23 N. Y. 225; *People v. Commissioners, &c.*, 35 N. Y. 440; *Green v. Van Buskirk*, 7 Wall. 139; and cases of *State Tax on Foreign-Held Bonds*, 15 Wall. 300, 319; *Tappan v. Merchants National Bank*, 19 Wall. 490. Concluding that personal property and business do not always

follow the owner for the purpose of taxation, if the business transacted or the *situs* of the property is not in the state where the owner resides, we must answer the question presented in the negative, and decide the notes in controversy not taxable in Kansas.

It may by some be considered unjust and unequal that a citizen of this state should be allowed to possess notes and debts in another state secured by mortgages, and not pay taxes upon them here. It should not be forgotten that the duty of the judicial branch of the state government is limited to declaring the law as it exists; and any considerations involving its policy or impolicy belong properly to the legislative power. Still, we can see no good reason to complain at the results reached. Taxation and protection are correlative terms. Protection to that portion of property not taken or absorbed by the tax, is the consideration or compensation for all legitimate taxation. Without this protection, or some benefit to be returned therefor, taxation would be but another form for spoliation, or confiscation. To sustain the decision of the district court would be to ignore this fundamental principle upon which taxation is based, and authorize the assessment and taxation of persons in respect to business or interests beyond the territory and jurisdiction of Kansas, and which the laws of the State could in no way reach or protect. This principle, if logically followed out, would extend to real estate and to all conceivable business, titles, and transactions of the citizens of our commonwealth in other states and countries, and at once the power of taxation would be limited no longer to persons, property, and business within its jurisdiction. No argument should be necessary to prove the weakness of such a proposition, for the power of taxation, however vast in its character, and searching in its extent, is necessarily limited to subjects within the jurisdiction of the state.

No brief was filed in this court on the part of the defendant in error, and hence we have disregarded the questionable

manner in which the case comes here, and have passed upon the facts presented, regardless of any irregularities appearing in the proceedings.

The judgment of the district court will be reversed.

All the Justices concurring.