## JOHN BROOKS v. E. B. KAGER, *Treasurer, &c.*

PRACTICE; *No Error.* In an action by B. against K. to enjoin K., as county treasurer, from collecting a certain illegal tax, judgment was rendered against B. for costs. B. then, to prevent his property from being seized, paid said taxes and costs. B. then took the case to the supreme court, where said judgment was reversed, and the cause being remanded to the district court, B., with leave of the court, filed a supplemental petition, setting up two new causes of action, one for taxes paid and one for costs paid, and making the board of county commissioners a party defendant. The court then, on motion of the defendant, struck said supplemental petition from the files of the case. *Held,* Not error.

### *Error from Cowley District Court.*

ACTION brought by *Brooks* against *Kager*, to perpetually enjoin the defendant, as treasurer of Cowley county, from collecting a certain alleged illegal personal-property tax assessed against the plaintiff. The board of commissioners of

said county was also made a party defendant. Trial at the May Term, 1878, of the district court, and judgment for the defendant. *Brooks* brings the case to this court. The facts sufficiently appear in the opinion.

*Hackney & McDonald*, for plaintiff in error.

*E. S. Torrance*, county attorney, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by John Brooks against E. B. Kager, to perpetually enjoin Kager, as treasurer of Cowley county, from collecting a certain alleged illegal personal-property tax assessed against Brooks. The defendant demurred to the plaintiff's petition, on the ground that it did not state facts sufficient to constitute a cause of action; and the court below sustained the demurrer, and rendered judgment in favor of the defendant and against the plaintiff, for costs. Brooks then took the case to the supreme court on petition in error, where the judgment of the district court was reversed, on the authority of *Wilcox v. Ellis*, 14 Kas. 588, and *Fisher v. Comm'rs of Rush Co.*, 19 Kas. 414; and the cause was then remanded to the district court for further proceedings.

After the cause was remanded to the district court, Brooks filed a supplemental petition, making the board of county commissioners of the county of Cowley a party defendant, and setting forth that after the rendition of the foregoing judgment by the district court, and before the proceedings in error aforesaid were instituted in this court, Kager, as county treasurer as aforesaid, issued and delivered to the sheriff of said county a tax warrant for the collection of the aforesaid tax; that the clerk of the district court was about to issue an execution for the costs adjudged against Brooks in that court, and that under these circumstances Brooks paid the full amount of said tax and costs. The only relief demanded in the supplemental petition was a personal judgment against both Kager and the board of county commissioners of Cow-

ley county for the amount of the tax and costs paid as aforesaid by Brooks.

James McDermott, as county attorney of the county of Cowley, appeared for Kager and the board of county commissioners of said county, and moved to strike the supplemental petition from the files. The petition was then refiled, with leave, and then the motion was sustained by the district court on the last three grounds therein set forth, viz.:

"2. Said supplemental petition sets forth no cause of action whatever against E. B. Kager, defendant to the original petition, but is wholly against the board of county commissioners of the county of Cowley, who are not parties to the original petition.

"3. Said supplemental petition changes substantially the cause of action set forth in the original petition, and sets up a new and entirely different cause of action against new and entirely different parties.

"4. The cause of action set forth in the said supplemental petition did not exist at the time of the filing of the original petition, but has accrued since such filing of said original petition."

The sustaining of this motion is the alleged error complained of in this court. We do not think the court below erred in sustaining said motion. The first petition was to enjoin Kager alone from collecting a tax, and he was the only party defendant. The second petition was to recover a money judgment against both Kager and the county board on two causes of action arising subsequently to the filing of the first petition, one for illegal taxes paid on said tax warrant, and the other for costs paid on said erroneous judgment; and both Kager and the county board were made parties defendant. Even if the court had the power to allow the plaintiff to abandon his first cause of action, and to set up two new ones with new parties, as the plaintiff desired, and to do all this in one and the same case, still we do not think that the court was bound to exercise any such power in this case. We think the court properly exercised its discretion in this case.

After the court sustained said motion, the defendant still failing to answer or to further demur to the plaintiff's orig-

inal petition, the court on its own motion rendered judgment on the plaintiff's original petition in favor of the plaintiff and against the defendant for costs, and perpetually enjoining the defendant from collecting any of said alleged illegal tax.

We do not think that the plaintiff has any reason to complain of the judgment of the court below, and therefore it will be affirmed.

All the Justices concurring.