THE BOARD OF COUNTY COMMISSIONERS OF KINGMAN COUNTY *et al.* v. WILLIAM F. LEONARD.

No. 9645.

TAXATION — *of judgments owned by non-resident, not authorized by statute.* The statutes of this State do not provide for, nor authorize, the assessment and taxation of judgments rendered by the courts of this State in favor of and owned by citizens of other States.

*Error from Kingman District Court.*
*Hon. W. O. Bashore, Judge.*

AFFIRMED.                    OPINION FILED DECEMBER 5, 1896.

*John T. Little*, Attorney General, and *C. W. Fairchild*, County Attorney, for plaintiff in error.

*M. D. Libby* and *P. B. Gillett*, for defendant in error.

ALLEN, J.   This action was brought by the defendant in error, as plaintiff below, to enjoin the collection of taxes on the unpaid balance of a judgment in his favor rendered by the District Court of Kingman County.   The judgment was rendered in an action to recover the amount of a promissory note and to foreclose a mortgage given to secure it,   The mortgaged property was sold, and, after the application of the proceeds of the sale to the payment of the judgment,. there remained a balance ; and the balance remaining, unpaid was assessed in the city of Kingman — the county seat of Kingman County — for taxation.   The plaintiff is a resident of Missouri.

The question presented for our consideration. is, whether judgments rendered by the courts in this State in favor of non-resident parties are taxable while they remain unsatisfied.   There is no claim in this case that the party against whom the judgment was rendered is insolvent or that the valuation placed on the judgment is excessive.

Has the Legislature assumed the power to tax such judgments and provided for their taxation?

Section 1, chapter 107, (¶ 6846,) of the General Statutes of 1889, reads : "All property in this state, real and personal, not expressly exempt therefrom, shall be subject to taxation in the manner prescribed by this act."   In section 2, the term "personal property" is defined as follows :

"The term 'personal property' shall include every tangible thing which is the subject of ownership, not forming part or parcel of real property ; also, all tax-sale certificates, judgments, notes, bonds, and mortgages,.and all evidences of debt secured by lien on real estate ; also, the capital stock, undivided profits,. and all other assets of every company, incorporated

or unincorporated, and every share or interest in such stock, profit or assets, by whatever name the same may be designated : *Provided,* the same is not included in other personal property subject to taxation, or listed as the property of individuals ; and also every share or interest in any vessel or boat used in navigating any of the waters within or bordering on this state, whether such vessel or boat shall be within the jurisdiction of the state or elsewhere ; and also all 'property' owned, leased, used, occupied or employed by any railway or telegraph company, or corporation within this state, situate on the right of way of any railway.''

Section 7 of the same chapter provides where property shall be listed for taxation, and the part of the section material to this inquiry reads as follows :

''Every person required to list property in behalf of others shall list such property in the same township, school district or city in which said property is located ; but he shall list such property separate and apart from his own, specifying the name of the person, estate, company or corporation, to which the same may belong. All toll bridges shall be listed in the township or ward where the same are located ; and if located in two wards or townships, then one-half in each of such wards or townships. And all personal property shall be listed and taxed each year in the township, school district, or city in which the property was located on the first day of March, but all moneys and credits not pertaining to a business located shall be listed in the township or city in which the owner resided on the first day of March.''

It will be observed that the provisions with reference to what property shall be subject to taxation are very sweeping ; and that judgments, as well as other forms of intangible property, are not only included within the general terms used but are specifically mentioned as included in the term ''personal property.'' Sections 9 and 10 of the act require the own-

ers of property subject to taxation to make lists thereof; and section 10a provides that the statement shall set forth the number of the school district, or districts, in which such property was situated on the first day of March.   It is ably and earnestly argued that the common-law rule embodied in the maxim *mobilia personam sequuntur* applies with full force in this case, and that the *situs* of the intangible property evidenced by the judgment is at the domicil of the owner, and subject to taxation there only.   This rule of law is subject to so many exceptions and limitations that it is quite as liable to mislead as to furnish a correct guide when considered alone.   In the distribution of the estates of deceased persons it is generally, if not universally, given full force and effect both as to tangible and intangible property; and from comity, nations foreign to each other generally recognize the law of the place of the owner's domicil as controlling in the distribution of the personal estate of the deceased owner.   To questions of taxation the maxim has very little application.   Every sovereignty asserts the right to levy taxes on persons and property within its protection; and the ground on which all taxation is justified is, that it is a burden necessarily imposed by the sovereignty in order to enable it to perform its duty in protecting persons and property.   1 Desty, Tax. 59; Cooley, Tax. 19 *et seq.;* Story, Confl. Laws, 543, note *a,* and cases cited.

We think it now quite well settled that choses in action belonging to a nonresident, in the hands of a managing agent within the State, are taxable.   *City of New Albany v. Meekin*, 56 Am. Dec. 522, note, page 530, and cases therein cited; 1 Desty, Tax. 64; *Finch v. York County*, 19 Neb. 50.

The power to tax residents of the State on credits

due from citizens of other States is often upheld. *Kirtland v. Hotchkiss,* 42 Conn. 426. And this even where it results in duplicate taxation. *Dyer v. Osborne,* 11 R. I. 321 ; note to *People v. Worthington,* 74 Am. Dec. 95, and cases cited. The cases upholding the power to tax promissory notes and other written securities held within the State, though owned by a nonresident, sometimes lay stress on the fact, that the securities are in a certain sense property, and are subject to seizure for debt, and that a title may be made to the intangible debt by delivery of the written evidence of it.

We perceive no valid objection to the power of the Legislature to tax all judgments by domestic courts and remaining unsatisfied, whether owned by citizens of this State, or other States, or foreign countries, provided the rate of taxation be the same as that imposed on other forms of property belonging to citizens of this State. The question here, however, is whether the Legislature has expressed a purpose to tax judgments in favor of a citizen of another State, rather than as to the power to do so. Judgments are included by the express provision of section 2, in the term "personal property." Does this mean judgments owned by citizens of this State, or those rendered by courts within the State without reference to ownership? In answering this question, some weight at least should be given to the rule that credits are generally regarded as residing with the creditor. The case of *Fisher v. Comm'rs of Rush Co.,* 19 Kan. 414, is an extreme one, and has been criticized. A resident of this State may undoubtedly be taxed on moneys due him from citizens of other States, and this would be equally true after the claim is reduced to judgment in a foreign jurisdiction. Under the provisions of

section 7, where the owner of a domestic judgment resides in this State, it seems clear that it must be taxed at the place of his residence, provided it does not pertain to a business located at some other place. Where the owner is a nonresident, if taxed at all, it must be taxed in the township, school district, or city in which it is located; and to be taxable it must be held to have a *situs* of its own. The authorities with reference to the *situs* of a judgment are not numerous, and no case is called to our attention where the precise point now under consideration has been decided in an action where the owner of the judgment resided out of the State. But in cases where the owner resided in the State it has been held that the *situs* of the judgment for purposes of taxation is at the residence of the judgment creditor. *V. & A. Meyer & Co. v. Sheriff and Tax Collector*, 41 La. Ann. 645; *People v. Eastman*, 25 Cal. 601.

When this case was first considered, the writer was strongly inclined to the opinion that a judgment should be held to have a *situs* of its own at the place where the record of the court rendering it is kept; but it seems quite clear that, if the owner be a resident of this State, its *situs* is with him at his place of residence, and there is no purpose expressed by the Legislature to give judgments in favor of nonresidents a *situs* for the purpose of taxation. If the Legislature wishes to change the rule, and establish a *situs* for taxation for all judgments rendered by the courts of this State, it ought to employ language expressive of its purpose to do so. The natural implication from the language in fact employed, would seem to be that, as to the *situs* of credits for taxation, the rules generally recognized were intended to be followed.

The judgment is affirmed.

All the Justices concurring.