THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF JOHNSON *et al.* V. C. B. HEWITT.

No. 15,233.   (93 Pac. 181.)

SYLLABUS BY THE COURT.

1. TAXATION—*Personal Property—Evidences of Debt Kept in a Foreign State.* Promissory notes belonging to a resident of Kansas, given by residents of Missouri and secured by trust deeds of real estate in Missouri, which never have been brought into Kansas but which are left for safe-keeping only in the vault of a bank in Missouri, constitute personal property in this state which has its location in the county, township and school district of the residence of its owner within the meaning of the act relating to the assessment and collection of taxes.

2. ——— *Proceeding to List Property Not Returned — Correction of Assessor's Return.* If by proceedings instituted and conducted under section 7599 of the General Statutes of 1901, authorizing the correction of false tax statements, it be discovered that an owner who appears and resists the inquiry omitted to list specific items of taxable personal property in the statement which he gave to the assessor, and such property is duly valued and the proper amount of taxes thereon is charged against the owner on the tax-roll, an omission of the county clerk formally to correct the assessor's return is a mere irregularity which does not vitiate the tax.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed December 7, 1907. Modified.

*John R. Thorne,* county attorney, for plaintiff in error; *Charles C. Hoge,* and *John T. Little,* of counsel.

*Brown, Harding & Brown,* and *J. W. Parker,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued to recover taxes paid under protest upon certain promissory notes and real-estate mortgages securing them. The district court made findings of fact and conclusions of law, as follow:

"FINDINGS OF FACT.

"(1) On the first day of March, 1903, the plaintiff, C. B. Hewitt, was, and at all times since has been, a resident of school district No. 32 in Mission township, Johnson county, Kansas; and for the year 1903 he was assessed by the township assessor of said township and listed for assessment and taxation certain personal property.

"(2) On March 1, 1903, plaintiff was the owner of certain promissory notes, amounting to $3600, which were executed and delivered to him in Jackson county, Missouri, by parties living in said county and state.

"These notes were all secured by trust deeds, executed and delivered to plaintiff in said county and state, by parties living in said county and state, and the land covered by said trust deeds was all in Jackson county, Missouri.

"On March 1, 1903, all of said notes and trust deeds were in a box in the vault of the First National Bank of Kansas City, Missouri, in Jackson county, where they had theretofore been left by plaintiff, and have ever since remained; said notes and trust deeds never having been actually in the state of Kansas.

"(3) The notes and trust deeds mentioned in finding No. 2 were not listed by plaintiff with the assessor of Mission township, Johnson county, Kansas, for the purposes of taxation for the year 1903, when he was assessed and listed other personal property for that year.

"(4) On March 1, 1904, plaintiff was the owner of certain promissory notes, amounting to $6600, which were executed and delivered to him in Jackson county, Missouri, by parties living in said county and state.

"These notes were all secured by trust deeds, executed and delivered to plaintiff in said county and state, by parties living in said county and state, and the land covered by said trust deeds was all in Jackson county, Missouri.

"On March 1, 1904, all of said trust deeds were in a box in the vault of the First National Bank of Kansas City, in Jackson county, Missouri, where they had theretofore been left by plaintiff, and have ever since remained; said notes and trust deeds never having been actually in the state of Kansas.

52—76 KAN.

"(5) The notes and trust deeds mentioned in finding No. 4 were not listed by plaintiff with the assessor of Mission township, Johnson county, Kansas, for taxation for the year 1904, when he was assessed and listed other personal property.

"(6) The notes and trust deeds referred to in findings of fact No. 2 and No. 4 were left in this box in the vault of the First National Bank of Kansas City, Missouri, by the plaintiff, and were kept there by permission of the officers of the bank, the plaintiff having had the use of said box in said vault for about ten years. The bank has a key to the vault, and the plaintiff a key to the box in which the notes and trust deeds were left for safe-keeping by plaintiff, and to which box he gains access by obtaining the key to the vault from the officers of the bank, then using the key he has to open the box in which the notes and trust deeds are kept.

"(7) March 1, 1903, the notes referred to in finding No. 2 were worth and of the value of $3600; and the notes mentioned and referred to in finding No. 4 were worth and of the value of $6600 on March 1, 1904.

"(8) The rate of taxation in school district No. 32 in Mission township, Johnson county, Kansas, for the year 1903 was 31.7 mills on the dollar, and for the year 1904 it was 38.1 on the dollar.

"(9) In the years 1903 and 1904 the basis of valuation agreed upon by the assessors of Johnson county, Kansas, was: On horses, mules and cattle, one-third of their cash value; on money, shares of stock in bank, stock in any company or corporation, personal notes and mortgages, 40 per cent. of their cash value.

"(10) The testimony does not disclose whether any of the notes owned by plaintiff, and in said box in 1903, were there in 1904, or whether they were different notes.

"(11) Plaintiff did not pay tax on said notes and trust deeds in Missouri in 1903 and 1904.

"(12) During the time hereinafter mentioned Roscoe Smith was the county clerk of Johnson county, Kansas, A. E. Moll was county treasurer, as well had the county a board of county commissioners, made defendants herein.

"(13) In January, 1905, Roscoe Smith, county clerk of Johnson county, Kansas, was advised that plaintiff owned certain notes and trust deeds on March

1, 1903, and on March 1, 1904, that he had not listed for taxation with other personal property returned to the assessor of Mission township in said county; and on the 11th day of January, 1905, he caused written notice to be served upon plaintiff that on January 19, 1905, he would have a hearing at the office of the county clerk of Johnson county, Kansas, touching the question as to whether said notes and trust deeds had not escaped taxation and should be entered by him upon the tax-roll of Johnson county, Kansas, for taxation for said years; and in pursuance of said notice plaintiff appeared before said county clerk at said hearing and objected to said notes and trust deeds being entered by said county clerk for taxation in said county and state.

"(14) As a result of said hearing before said county clerk, and on February 20, 1905, Roscoe Smith, county clerk of Johnson county, Kansas, entered up against the plaintiff, under the name of Calvin B. Hewitt, in a book kept by the officers of said county, designated as 'Omitted Personal Property Tax-roll,' the following entries:

| No. | Date. | Name. | School. | Year. | Valua-tion. | Rate. | Total tax. |
|---|---|---|---|---|---|---|---|
| 6 | Feb. 20, 1905 | Calvin B. Hewitt | Dist. 32 | 1903 | 1440 | 31.7 | 45.64 |
|  |  |  |  | 1904 | 2640 | 38.1 | 100.58 |

"The county clerk made no further or other record or entry of said matter in his office at said time; afterward an entry was made in said Omitted Personal Property Tax-roll, as follows:

| Am't paid. | Date payment. | By whom paid. | Costs. | Remarks. |
|---|---|---|---|---|
| $150.52 | 7-14-05 | C. B. Hewitt. | $4.30 | Paid under protest. |

"This roll, designated as an 'Omitted Personal Property Tax-roll,' was a book kept for the purpose of entering omitted personal property by said county clerk and the entering of the payment of tax by the county treasurer when the tax was paid.

"Said Omitted Personal Property Tax-roll was delivered to the county treasurer that he might collect the taxes so as aforesaid by the county clerk entered against plaintiff, and plaintiff was notified by the county clerk that he had entered said notes and trust deeds for taxation.

"(15) The plaintiff did not appear before the board of equalization of said county at the June meeting of

said board in 1905 and make complaint as to the valuation on said notes and trust deeds entered by the county clerk on said Omitted Personal Property Tax-roll.

"(16) On July 14, 1905, plaintiff, under protest, to avoid the forceable collection under a tax warrant, paid to defendant, A. E. Moll, county treasurer of Johnson county, Kansas, $150.52, the amount so charged against him for taxation, for tax and costs, and by said county clerk so as aforesaid entered up against plaintiff on said Omitted Personal Property Tax-roll; and said county treasurer gave him a receipt therefor with the indorsement thereon: 'Paid under protest.'

"(17) At the time, and immediately before paying said sum of $150.52 to said county treasurer on July 14, 1905, plaintiff delivered to said county treasurer a written protest against the payment of said tax and costs, claiming that it was illegal and void.

"(18) On July 27, 1905, plaintiff filed with and in the office of the county clerk of Johnson county, Kansas, and presented against said county, a bill and demand duly verified asking the allowance and repayment to him of said sum of $150.52, so as aforesaid paid by him under protest to the county treasurer of Johnson county, Kansas, on the 14th day of July, 1905, which claim was not allowed but was by said board of county commissioners rejected; and this action was commenced August 8, 1905. The case was tried before the court, January 25, 1906, both parties asking the court to make separate findings of fact and conclusions of law.

"Just before the trial commenced defendants in open court offered to let plaintiff take judgment for the sum of $4.30 with interest thereon from July 14, 1905, at 6 per cent. per annum, being the amount of costs charged against plaintiff by the county clerk on said hearing to discover omitted property and interest thereon, which offer plaintiff declined to accept."

"CONCLUSIONS OF LAW.

"(1) That the tax paid by plaintiff to the county treasurer of Johnson county, Kansas, under protest, July 14, 1905, was illegal.

"(2) That the notes and trust deeds upon which said tax was levied were not subject to taxation in

Mission township, Johnson county, Kansas, for the years 1903 and 1904.

"(3) Said tax having been paid under protest, the plaintiff should recover in this action, from the defendant county, the sum of $150.52, with interest thereon from July 14, 1905, at the rate of 6 per cent. per annum, and costs."

A judgment was rendered according to the conclusions of law, to reverse which the commissioners prosecute this proceeding in error.

The statute providing for the assessment and collection of taxes declares that all property in this state, real and personal, not expressly exempt therefrom, shall be subject to taxation in the manner prescribed. Personal property is defined to include every tangible thing which is the subject of ownership not forming part or parcel of real property; also, tax-sale certificates, judgments, notes, bonds and mortgages, and all evidences of debt secured by lien on real estate. All personal property must be listed and taxed each year, in the township, city and school district in which it is located, on the first day of March, except in certain specified instances not material to this controversy. (Gen. Stat. 1901, §§ 7502, 7503, 7509.)

The plaintiff contends that the judgment of the district court should be upheld because the property taxed was not in this state and had no location in Mission township in Johnson county.

It will be observed the statute places tax-sale certificates, judgments, notes, bonds and mortgages and all evidences of debt secured by lien on real estate in the same category for purposes of taxation and distinguishes them from tangible personal property.

In the case of *Kingman Co. v. Leonard,* 57 Kan. 531, 46 Pac. 960, 34 L. R. A. 810, it was demonstrated that a judgment rendered by a court of this state has no independent situs of its own, and that for purposes of taxation it must, under the statutes of this state, be regarded as attending its owner at his place of

residence, although that be in a foreign state. In the case of *Mecartney v. Caskey,* 66 Kan. 412, 71 Pac. 832, it was decided that tax-sale certificates issued by a county treasurer of this state have no independent situs of their own, and that, like judgments, their situs for purposes of taxation must be deemed to be the domicil of their owner, although he be a nonresident.

The doctrine that the debt evidenced by a note or secured by a mortgage is the substantial element of the owner's taxable property, that the note or mortgage is merely evidence, and that generally the debt and its evidence have no independent situs of their own, is now so strong in its own credit that it needs no sureties by way of citations of authority.

From the statute, the decisions referred to, and the legal doctrine stated, it must follow that the property taxed in this case had its situs at the domicil of its owner in Mission township, Johnson county, unless some substantial reason exists for making an exception in its favor.

Only one matter worthy of consideration can be suggested: In the cases cited, which involved the right to tax intangible property belonging to non-residents of this state, it was intimated that such property might acquire a situs here for purposes of taxation. Notes, mortgages, tax-sale certificates and the like might be brought into the state for something more than a temporary purpose, be devoted to some business use here and thus become incorporated with the property of this state for revenue purposes. Such a situs has aptly been termed a "business situs." (*Herron, Treasurer, v. Keeran,* 59 Ind. 472, 477, 26 Am. Rep. 87; *In re Jefferson,* 35 Minn. 215, 28 N. W. 256.)

Conceding for the purpose of argument that a resident of this state who is the owner of intangible property like that assessed in this case may give it a business situs in a foreign state, and that it was the intention of the legislature to regard property so lo-

cated as outside the state and not subject to taxation here, the question remains whether the conduct of the plaintiff was sufficient to accomplish such a result.

It is not necessary to determine precisely what facts will be sufficient in every case to establish an independent business situs for notes and mortgages, but generally the element of separation from the domicil of the owner and fairly permanent attachment to some foreign locality should appear, together with some business use of them, or some power of managing, controlling or dealing with them in a business way. A merely transitory presence in a foreign state or a naked custody for safe-keeping is not enough. (*Hunter v. The Board of Supervisors*, 33 Iowa, 376, 11 Am. Rep. 133; *Herron, Treasurer, v. Keeran*, 59 Ind. 472, 26 Am. Rep. 87; *Mecartney v. Caskey*, 66 Kan. 412, 414, 71 Pac. 832.) Indeed, it has recently been held by the supreme court of the United States, in the case of *Buck v. Beach*, 206 U. S. 392, 27 Sup. Ct. 712, 51 L. Ed. 1106, that the legislature of a state cannot disregard the rule that the situs of intangible property is at the domicil of its owner in order to subject to taxation notes and mortgages owned by a non-resident but kept in a safe within the state by an agent who transacts no business regarding them, and makes no use of them other than to send them to the state of the owner's domicil for the purpose of delivering them on full payment or to have indorsements of principal or interest made on them. In the opinion it was said:

"The question still remains, was there any property within the jurisdiction of the state of Indiana, so as to permit that state to tax it, simply because of the presence of the Ohio notes in that state? It was not the value of the paper as a tangible thing, on which these promises to pay the debts existing in Ohio were written, that was taxed by that state. The property really taxed was the debt itself, as each separate note was taxed at the full amount of the debt named therein or due thereon. And jurisdiction over these debts

for the purpose of taxation was asserted and exercised solely by reason of the physical presence in Indiana of the notes themselves, although they were only written evidence of the existence of the debts which were in fact thereby taxed. . . . Under such rule, the debts here in question were not property within the state of Indiana, nor were the promissory notes themselves, which were only evidence of such debts." (Pages 402, 403.)

The conclusion of the court, however, that the legislature lacked power to take cognizance of the physical presence of the securities in Indiana for revenue purposes may not command universal approval.

In this case the findings of fact show that the notes and mortgages taxed were merely left in the vault of a bank in Kansas City, Mo., for safe-keeping. They were connected with no business enterprise. The depositary did not even have access to them, much less any power of business use or control over them. In strictness, they were not even severed from the personal possession of the owner. Therefore the legal situs of the property was at the owner's residence in Kansas.

The cases of *Wilcox v. Ellis, Treasurer,* 14 Kan. 588, 19 Am. Rep. 107, and *Fisher v. Comm'rs of Rush Co.,* 19 Kan. 414, are cited in opposition to this view. In the Wilcox case the notes taxed were necessarily detained in the foreign state by an agent of both the maker and the owner for the completion of the business transaction out of which they arose. Something of an instance of a business situs is thus presented. If it does not meet all the requirements of a proper standard it certainly goes far beyond the facts of the present controversy. In the Fisher case promissory notes and a mortgage securing them were payable in Iowa and were left there for the purpose of collecting the moneys due upon them. Probably the weight of authority would not now sustain a holding that the property had a business situs in Iowa because it was

left there for collection. If such were true every attorney in this state having in his office on the first day of March, for collection, notes and mortgages of non-resident clients would be obliged to list them for taxation. (See *Myers v. Seaberger*, 45 Ohio St. 232, 12 N. E. 796.) But the object of the deposit was the accomplishment of a business purpose which made the presence of the paper in Iowa indispensable. Therefore the case is wholly dissimilar from the one now under consideration.

Although much confusion still exists, legal thought upon the subject of the taxation of intangible property has been considerably clarified since the opinions in the Wilcox and the Fisher cases were written, and many of the arguments there advanced would now be regarded as unsatisfactory. It is clear that the laws of Kansas may and do afford a resident owner of notes and mortgages kept or even used elsewhere substantial securities, privileges and advantages with reference to them, so that the reciprocal relation between protection and taxation is sufficiently preserved. As shown by Mr. Justice Allen in *Kingman Co. v. Leonard*, 57 Kan. 531, 46 Pac. 960, 34 L. R. A. 810, intangible property may none the less have its situs for purposes of taxation in this state although another state may afford the owner remedies respecting it. It is no longer debatable that the question whether a resident owner of debts evidenced by notes and mortgages has property in this state is not to be determined by the locality in which the debts were created, nor by the place where the security lies, nor by the residence of the debtors. And it is impossible to believe that the legislature intended to regard notes given by non-residents and secured by mortgages on property in another state as outside its jurisdiction merely because the resident owner, returning home after the conclusion of the business transaction producing them, left them just beyond the state line. Since, however, as already shown, the results reached in the cases ad-

verted to do not conflict with a holding that the notes and mortgages involved in this case were taxable in Kansas, it is not necessary to discuss those decisions further.

It is urged that the taxes charged against the plaintiff's property are void because the record contains no official return of a listing and valuation of described items of property. By his own wrong the plaintiff made it necessary for the county clerk to resort to the exceptional proceedings authorized by section 7599 of the General Statutes of 1901 to bring omitted property upon the tax-roll. The course prescribed by the statute was strictly pursued, except that the return of the assessor, incorrect because of the plaintiff's conduct, was not formally corrected in accordance with the facts developed at the hearing, in which the plaintiff participated. This omission was a mere irregularity and does not vitiate the tax.

According to the decision in the case of *Douglas County v. Lane, ante,* p. 12, the taxes paid under protest for the year 1903 were recoverable.

The cause is remanded to the district court with instructions to modify its judgment in accordance with the views herein expressed.