## HATHAWAY ET AL. v. EDWARDS, TREASURER.

[No. 6,450.   Filed June 3, 1908.]

1. TAXATION. — *Nonresidents.* — *Notes.* — *Mortgages.* — *Situs.* — *Agency.*—Where a nonresident places money in the hands of a resident agent who loans same taking notes and mortgages therefor in the principal's name, renews and collects such notes and mortgages, and reinvests the money when collected, such property is liable to taxation.  p. 25.

2. PRINCIPAL AND AGENT.—*Power of Attorney.—Continuance of.— Presumptions.*—Where a nonresident executes a power of attorney, indefinite as to duration, authorizing a resident to transact a loan business with such nonresident's money, the presumption is that it remains in force, and the burden is upon such nonresident to show a termination thereof.  p. 31.

From Putnam Circuit Court; *Presley O. Colliver*, Judge.

Suit by Helen R. Hathaway and another against John T. Edwards, as County Treasurer of Putnam County. From a decree for defendant, plaintiffs appeal. *Affirmed.*

*B. F. Corwin*, for appellants.
*John H. James*, for appellee.

COMSTOCK, J.—Appellants commenced this suit on November 4, 1905, to enjoin the treasurer of Putnam county from collecting certain taxes which had been assessed against Helen R. Hathaway, agent for Lucy W. Lee, for the years 1898 to 1904, inclusive. Such assessment was made in April, 1905,

upon certain notes secured by mortgages owned by appellant Lucy W. Lee, and the assessment so made was by the auditor of Putnam county extended upon the tax duplicates and placed in the hands of the treasurer a short time prior to the bringing of the suit. The notes so assessed for taxation were the property of appellant Lucy W. Lee, a nonresident of Indiana, and the assessment was made against appellant Helen R. Hathaway as agent, upon notice given to Helen R. Hathaway as agent. A demurrer to the complaint for want of facts was overruled, and appellee answered in denial. The cause was submitted to the court for trial, which resulted in a finding and judgment against the appellants, from which judgment they appeal. The only pleadings filed in the cause were the complaint and the demurrer thereto.

The error assigned and relied upon for reversal is the action of the court in overruling the appellants' motion for a new trial.

Among the reasons set out in the motion for a new trial are that the decision of the court is contrary to law and is not sustained by sufficient evidence.

On the trial of the cause it was admitted that the assessor of Putnam county, in the year 1905, gave notice to Helen R. Hathaway, as agent of Lucy W. Lee, that he assessed her, as agent, upon alleged omitted property for the years 1898 to 1904, inclusive, that such assessments were extended by the county auditor upon the tax duplicates in the hands of the treasurer of the county, that the taxes so extended upon said assessments said treasurer was threatening to collect, and that the taxes were extended in the name of Helen R. Hathaway. It was also admitted that the assessments so made and taxes so extended were on account of certain notes secured by mortgages upon Putnam county real estate, and that such notes were made payable to and owned by appellant Lucy W. Lee. It is further conceded that Lucy W. Lee was not a resident of Indiana, and had not been during all the time and all the years for which the assessments were made. In

1898 the husband of appellant Lee, General Jesse M. Lee, being about to go to the Philippines, gave said Hathaway authority to manage said business. He had money which had been saved by himself and his wife, and he requested said Hathaway to loan it. George Hathaway made loans of money for Lucy W. Lee and her husband, and invested money for them in Putnam and other counties in Indiana. He closed up some loans for them, took all of them in the name of Lucy W. Lee, looked after the abstracts, drew up the papers, and completed the loans at the suggestion of appellant Lee's husband, and retained the notes and mortgages. He collected from the parties who borrowed the money, when due, collected money that belonged to Mrs. Lee on the notes, and deposited it in the bank in his own name. He disposed of the money as directed, made new loans out of it, took notes payable to Lucy W. Lee, and when he made loans in the name of Lucy W. Lee, he took the notes and mortgages and kept them among the papers of appellant Lee in a vault at his office of which he had control, and had access to a box of papers for the purpose of getting out notes and making collections when they became due. George W. Hathaway was a brother of appellant Lucy W. Lee. For many years, and until 1902, he resided and maintained a law office at Greencastle, Indiana. Helen R. Hathaway, his sister, has been for fifteen or more years regularly employed at his office, which is yet maintained. The husband of appellant Lee had knowledge of the loans of money thus being made for which notes and mortgages were given in favor of Mrs. Lee. The money loaned in the name of Lucy W. Lee was the joint property of himself and wife, but mainly it belonged to him. The evidence, without contradiction, shows that Helen R. Hathaway made loans of money for and in the name of her sister, Lucy W. Lee, collected notes due to Mrs. Lee, and that she collected it for General and Mrs. Lee; that she loaned and collected money for Mrs. Lee and her husband, and that she did it under their direction; that she loaned the money for Mrs.

Lee as a mere family relationship, without compensation; that the notes she took were always secured by mortgage, and these notes and mortgages were by her placed with General Lee's papers; that she had access to them and had a right to take them out and collect the notes when due, and that she had a power of attorney from Mrs. Lee.

Section 6271 R. S. 1881, Acts 1881 (s. s.), p. 611, §3, provides: "All real property within this State, all personal property owned by persons residing in this State (whether it is in or out of this State), and all personal property within this State owned by persons not residing within this State, subject to the exceptions hereinafter stated, shall be subject to taxation."

Section 6273 R. S. 1881, Acts 1881 (s. s.), p. 611, §5, provides: "The terms 'personal estate' and 'personal property,' as used in this act shall be construed to include * * * all rights, credits, and choses in action."

Sections 6297, 6330 R. S. 1881, Acts 1881 (s. s.), p. 611, §§28, 62, provide for the listing of property by agents. Section 10142 Burns 1908, Acts 1891, p. 199, §3, provides that "all property within the jurisdiction of this State, not expressly exempted, shall be subject to taxation." Provision is made in this act for the listing of property by agents. Sections 10168, 10197 Burns 1908, Acts 1891, p. 199, §19, Acts 1903, p. 49, §7. It also provides that "personal property of nonresidents of the State shall be assessed to the owner or to the person having control thereof in the township, town or city where the same may be, except that where such property is in transit to some place within the State it shall be assessed in such place." §10160 Burns 1908, Acts 1903, p. 49, §30.

All notes are required to be valued in the schedule (§10199 Burns 1908, Acts 1899, p. 491, §1), and that instrument attested by an oath that it "contains a true, full and complete list of all property, held or belonging to" the person making the same. §10202 Burns 1908, Acts 1903, p. 49, §32.

In *Buck* v. *Miller* (1897), 147 Ind. 586, 595, 37 L. R. A.

384, 62 Am. St. 436, it is said: "For the purposes of taxation, the term 'personal property' includes bonds, notes, choses in action and other evidences of credit. * * * The test as to where the right to tax property exists is its place of location and use; the place where, if a security or obligation, it is a credit, not where it is a debit. It is quite immaterial whether the notes or other obligations were executed or were due by residents or nonresidents of the State. * * * The property is taxable where it is owned, held and used in business, and where it is protected by the laws of the community in which it is so held and used. * * * It is, of course, quite different, as already many times said, where the property is temporarily in the State, as, for instance, where securities are sent into the State for collection, inspection, safe-keeping or the like."

It is the claim of appellants that notes and similar credits to those involved in this case, owned by nonresidents, are liable for taxation in this State only in case such credits are used in connection with a business permanently established in this State, and this claim is based upon the decision in *Buck* v. *Miller, supra.*

The opinion in the case last mentioned quotes from *Herron* v. *Keeran* (1877), 59 Ind. 472, as follows: "The domicile of the owner is the place where, by a legal fiction, his personal property is regarded as having its situs and where it is to be taxed. * * * But this rule is now departed from in most states, as to chattels having a permanent situs in a state other than that of the residence of the owner. * * * And the same departure has been taken in regard to notes and evidences of debt in the hands of an agent of the owner who resides in another state or country, which notes are taken for money loaned, and held for renewal or collection, with a view of reloaning the money by the agent in the same state, the business being permanent in the hands of the agent."

In *Buck* v. *Miller, supra,* the court say at page 589: "If, therefore, personal property is used in the business in this

State it will be assessed here, even though the owner may reside elsewhere; and this must be true of credits and moneys as well as other forms of personal property. A business may be done in buying and selling property and making loans and investments, collecting and reloaning the money so used, from year to year, and if the money, notes and mortgages so used are retained in this State they would be subject to taxation here as well as any other kind of personal property." See *In re Whiting's Estate* (1896), 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. 640; and *In re Houdayer's Estate* (1896), 150 N. Y. 37, 44 N. E. 718, 34 L. R. A. 235, 55 Am. St. 642.

In the case last cited it is held that individual deposits of a nonresident decedent, made by him with a trust company in New York, under an account opened by him as trustee and containing deposits of moneys of a trust estate, are subject to taxation under the transfer tax law. Laws of New York (1892), chap. 399, p. 814.

In *Kingman Co.* v. *Leonard* (1896), 57 Kan. 531, 534, 46 Pac. 960, 34 L. R. A. 810, the court say: "We think it now quite well settled that choses in action belonging to a nonresident, in the hands of a managing agent within the state are taxable. Citing *City of New Albany* v. *Meekin* (1852), 3 Ind. 481, 56 Am. Dec. 522, 530, note; 1 Desty, Taxation, 64; *Finch* v. *York County* (1886), 19 Neb. 50, 26 N. W. 589, 56 Am. Rep. 741.

The statute of Illinois upon this subject is substantially the same as that of Indiana, and in *People, ex rel.,* v. *Davis* (1884), 112 Ill. 272, it is held that if the owner of moneys, credits and other personal property is a nonresident, and such moneys, credits, etc., are under the control of an agent or attorney in Illinois, they shall be listed in the place where the agent or attorney is required to list his own money, credits and other personal property.

The statute of Minnesota provides for the taxation of credits to nonresidents, and in *In re Jefferson's Estate* (1886), 35

Minn. 215, 28 N. W. 256, it is held that a demand for money loaned may have an actual situs other than the domicile of the owner. The owner may give it a business situs at another place; as where he has the money at such place for investment and reinvestment as a permanent business, under the full control and management of an agent resident at such place.

In *Redmond* v. *Commissioners, etc.* (1882), 87 N. C. 122, it is held that personal property of a nonresident owner, secured by land held by his agent in that state, is subject to tax there. The legal fiction that it is deemed to follow the person of the owner has no application to questions of revenue. The opinion cites *Catlin* v. *Hull* (1849), 21 Vt. 152, as a leading case upon this proposition.

In the case just cited a party domiciled in the state of New York owned bonds and notes upon parties resident in the state of Vermont, which he had deposited with an agent living in the latter state, for management, collection and investment, and the question was whether they were subject to tax. The following occurs in the opinion: ''But we do not consider this doctrine, in relation to the situs of personal chattels and relating* to its transfer and distribution, as at all conflicting with the actual jurisdiction of the state, where it is situate, over it, or with their right to subject it, in common with the other property of the state, to share the burthen of government, by taxation. * * * That, if persons residing abroad bring their property and invest it in this state, for the purpose of deriving profit from its use and employment here, and thus avail themselves of the benefits and advantages of our laws for the protection of their property, their property should yield its due proportion towards the support of the government, which thus protects it.'' See other cases cited in *Redmond* v. *Commissioners, etc., supra.*

In the *City of New Albany* v. *Meekin, supra,* the court, while deciding that the city had the power to tax property situated within her limits, said: ''We do not think, for the

purposes of taxation, a court is authorized to apply the rule of law governing the personal estate of deceased persons which regards its situs as following the domicile of the owner."

The execution of the promissory notes in question, their retention in the hands of an agent of the payee, the collection of the interest thereon, and their renewal, localizes them for the purposes of taxation.

In *Buck* v. *Beach* (1904), 164 Ind. 37, 52, 108 Am. St. 272, it is said: "All of the cases involving business situs that we have examined are cases where the notes were in the hands of the agent. Indeed, under any ordinary statute, merely authorizing the taxation of property in the possession of an agent, we do not perceive how he could be assessed except upon the notes. If the latter had a situs elsewhere it would result that under such circumstances the investment would escape taxation." Citing *People, ex rel.,* v. *Davis, supra.*

In the case of *Buck* v. *Beach, supra,* appellant's decedent was for many years a resident of New York, and maintained an agency in Ohio for the loaning of money on Ohio real estate, giving his agent authority to collect principal and interest and reinvest the proceeds. The notes were made payable in said state. From 1884 to 1893 the owner of said notes and mortgages, in order to avoid taxation in Ohio, maintained in Indiana an agency for the keeping of said notes. It was the duty of the Indiana agent at all times to keep said notes and mortgages in this State, except that he was required to return them for the necessary interest indorsements upon their maturity, and except that he was required to send them to Ohio for a few days in each year in order to avoid assessment days in Indiana. It was held that said credits were properly subjected to taxation under §§6271, 6273, *supra,* and §§10142, 10160, *supra.* In the course of the opinion the court said: "It was the only State in which they were generally kept; they were kept in the hands of an agent here, in the office of decedent,

in connection with a business that, however limited as applied to this State, was of a permanent character and a component part of an entire business sufficiently broad to give such notes a situs other than the domicile of the owner. The additional elements of a power over the paper to surrender it upon payment and to reinvest the proceeds serve to mark more plainly a business situs.''

The judgment in the case was reversed by the Supreme Court of the United States. *Buck* v. *Beach* (1907), 206 U. S. 392, 27 Sup. Ct. 712, 51 L. Ed. 1106. Justice Day dissented. The court held that the property really taxed was the debt itself, and each separate note was taxed for the full amount of the debt named therein or due thereon, and that jurisdiction over these debts for purposes of taxation could not be exercised solely by reason of the physical presence in Indiana of the notes themselves, although they were only written evidence of the existence of the debts which were thereby in fact taxed. The controlling facts in the case at bar are not analogous to those as presented in said case. Justice Day, in his dissenting opinion, cites the following cases and holds that notes, bonds and mortgages may acquire a situs at the place where they are held: *New Orleans* v. *Stempel* (1899), 175 U. S. 309, 20 Sup. Ct. 110, 44 L. Ed. 174; *Bristol* v. *Washington County* (1900), 177 U. S. 133, 20 Sup. Ct. 585, 44 L. Ed. 701; *Blackstone* v. *Miller* (1903), 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. 439; *State Board, etc.,* v. *Comptoir National D'Escompte* (1903), 191 U. S. 388, 24 Sup. Ct. 109, 48 L. Ed. 232; *Carstairs* v. *Cochran* (1904), 193 U. S. 10, 24 Sup. Ct. 318, 48 L. Ed. 596; *Scottish Union, etc., Ins. Co.* v. *Bowland* (1905), 196 U. S. 611, 25 Sup. Ct. 345, 49 L. Ed. 619.

In the case before us the money was loaned, the notes executed, retained and collected within the State, secured by property within the State, and the business connected with them and out of which they grew wholly transacted within the State.

The power of attorney executed by appellant Lucy W. Lee, dated October 25, 1902, gave to appellant Helen

2. R. Hathaway power to transact all matters of business in which appellant Lee was interested—

"to collect, receive and receipt for all moneys due to me, make and execute all contracts in relation to my property, and especially to sign my name to all papers and documents affecting my business interests, excepting deeds and wills, and to release mortgages of record in the office of the recorder of Putnam county, Indiana, executed in my favor."

There was no evidence that said power of attorney had been revoked, nor that the exercise of the verbal authority given to appellant Hathaway had been revoked or disaffirmed. The agency extended over a number of years. It might have been revoked at any time, as the situs of personal property could be changed, but the burden of showing revocation and a change of location of the notes was upon said appellant. The arrangement, so far as the evidence shows, was general and continuing. The law of taxation aims to make all property, real and personal, including promissory notes and stocks and bonds, bear an equal portion of the public burden. To accomplish this purpose fictions are disregarded and sentiment ignored. It looks only to such assets as within its provisions can be located.

There is not the slightest evidence of an intention upon the part of appellant Lee to avoid the payment of taxes. She followed the fortunes of her husband through a long and honorable career as a soldier of the United States army. Necessarily she was in Indiana only a small part of her time. Her money had its situs in Putnam county, Indiana, and, under the decisions, was there subject to taxation.

Judgment affirmed.

Roby, J., absent.