No. 20,446.

THE W. W. KIMBALL COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE et al., *Appellees*.

**SYLLABUS BY THE COURT.**

TAXATION—*Sale Notes Sent into Kansas for Payment and Remittance—Situs for Taxation.* A piano company incorporated under the laws of Illinois, with its home office at Chicago, maintained a branch office at Topeka, where pianos were sold and sale notes taken therefor retaining title in the company until paid. These notes were transmitted to the home office, copies being returned to the register of deeds for filing, and the originals were retained at Chicago, only being sent here for payment and remittance, practically all the payments being made here and credited and remitted to the home office, no part thereof being retained for the use of the local office. Returns for assessment were made on the local bank account and average stock on hand. *Held,* that such notes were not taxable here to the company, the situs for taxation being the domicile of the owner.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 9, 1916. Reversed.

*Charles Curtis,* and *Otis E. Hungate,* both of Topeka, for the appellant.

*S. M. Brewster,* attorney-general, *John L. Hunt,* assistant attorney-general, and *W. E. Atchison,* county attorney, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff procured a temporary injunction against the defendants, restraining them from levying a certain tax warrant, and from a judgment vacating such injunction and for costs this appeal is taken. The plaintiff is a piano company, an Illinois corporation with its office and head-

Kimball Co. v. Shawnee County.

·quarters at Chicago, and had a branch of its selling business at Topeka in charge of a manager, a portion of its instruments being sold on credit by installments, the purchaser executing a conditional sale contract in which he promises to make payment at the Chicago office, the seller to retain title until the payments. are made. The usual course of business was to forward the originals to the home office where they were retained, copies being returned to the register of deeds for filing. Some of the customers sent their payments to Chicago, but it was admitted that practically all made them at the local office where credit was given on the books, the cash being sent to Chicago. It was testified that neither the sale contracts nor the payments made on them were permitted to be used in the business at Topeka and that the proceeds of local cash sales were kept distinct and separate from those received on these contracts. The taxation of $1500 worth of these contracts gave rise to this controversy, the plaintiff claiming that they had no taxable situs in Shawnee county. The court made no findings of fact, but there was testimony in support of the plaintiff's claims, as already indicated. It was also brought out that as each payment matures a notice is mailed to the customer from the Chicago office with a notation that the payments may be made if desired at the Topeka store, to which the note is sent, thus giving the customer the option to pay here, although the contracts are, by their terms, payable at Chicago; that all the proceeds are sent to Chicago and no part thereof retained for use here; that whenever money is needed it is remitted from the Chicago office, although usually the local offices are supposed to be self-supporting. In a large number of cases the instruments were bought on monthly payments which were made at the local office and by those in charge remitted to the home office.

The defendants contend that the plaintiff maintained a store and stock of goods in Topeka; that notes for deferred payments on pianos sold, while on their faces payable in Chicago, were almost invariably paid here, and that the important question is whether or not a foreign corporation may establish a store here, carry a stock and avoid taxation upon its credits arising out of its business, thus gaining a preference over local enterprises. Admitting that only property in its jurisdiction

may be taxed by the state, they argue that the business situs of the notes was in Topeka, where they had for the purposes of collection the protection of Kansas laws. The general provision of the corporation act (Gen. Stat. 1909, § 1724), that foreign corporations doing business here are under like restrictions and obligations as domestic corporations, is invoked, and also section 9223 of the General Statutes of 1909 which requires property of merchants to be listed where their business is usually done, which counsel concede means only property employed in such business and not all the property owned by such merchants.

Returns for taxation were voluntarily made on the local bank account and average stock on hand, so that, as suggested by plaintiff, the pianos for which the contracts in question were given were taxed in this jurisdiction.

It can not be said and it is not claimed that these notes were in Kansas on the first of March or that they ever remained here for any length of time. There is no showing that they were used in business here or otherwise than for collection and remittance to the home office. Counsel for the defendants put the matter thus:

"Do the statutes authorize their taxation; and, Are they subject to the taxing jurisdiction of the state? This last question means: Is it equitable that the credits should be taxed here and not elsewhere?"

Section 9214 of the General Statutes of 1909 reads:

"That all property in this state, real and personal, not expressly exempt therefrom, shall be subject to taxation in the manner prescribed by this act."

Section 9215 provides:

"The term 'personal property' shall include . . . all other assets of every company, incorporated or unincorporated, and every share or interest in such . . . assets, by whatever name the same may be designated."

Section 9221:

"Money collected by any agent for any . . . corporation which is to be transmitted immediately to such . . . corporation shall not be listed by such agent; but such agent shall be required by the assessor [to] state under oath the amount of money in his hands and to whom the same is to be transmitted."

In *Wilcox v. Ellis, Treasurer*, 14 Kan. 588, a resident of Butler county who had contracted to sell certain land in Illinois

had taken notes therefor which were deposited with certain bankers in that state and it was held that he was not taxable here upon these notes. In the opinion it was said:

"Then, what is there in Kansas to be taxed? Certainly no tangib'e property, and not even any intangible property that needs any protection from our laws. Everything is and has been in Illinois. . . . Nothing pertaining to the notes, or to the debt which they evidence, has ever been in Kansas except that the owner of the notes resides in Kansas." (p. 602.)

Prominence was given to the fact that the owner of the notes still owned the land and was liable for the taxes thereon, and the injustice of requiring him to pay the additional tax on the notes whenever within the jurisdiction of this state was considered. In *Fisher v. Comm'rs of Rush Co.,* 19 Kan. 414, a citizen of Rush county, who had sold certain real estate in Iowa and received promissory notes in part consideration secured by mortgage thereon, both made payable in Iowa and left there for collection, and had never been in Kansas, was held not liable here for taxes thereon. The correlative terms of taxation and protection were given force in the decision and it was pointed out that personalty does not always follow the owner if the business transacted, or the situs of the notes, be not in the state where the owner resides. In *Gibbins v. Adamson,* 5 Kan. App. 90, 48 Pac. 871, it was found that the plaintiff was the owner of a mortgage on lands in Jackson county securing a note for $6000, but having given his own note for $2800 to a resident of Missouri, had indorsed the $6000 note and assigned the mortgage to him as collateral security and they were thereafter continuously held in Missouri until after March 1, 1887; that March 24, 1887, the mortgage note having been paid to the plaintiff the mortgage was released by the Missouri holder and it was held that the plaintiff was properly chargeable with taxes thereon, his domicile being deemed the taxable situs. This was affirmed by this court (*Gibbins v. Adamson,* post, p. 308, 51 Pac. 1101.) It was held in *Kingman Co. v. Leonard,* 57 Kan. 531, 46 Pac. 960, that judgments rendered by the courts of this state in favor of and owned by citizens of other states are not taxable here. It was said to be quite well settled that choses in action belonging to a nonresident in the hands of a managing agent within the state are

taxable. Also that "some weight at least should be given to the rule that credits are generally regarded as residing with the creditor. The case of *Fisher v. Comm'rs of Rush Co.,* 19 Kan. 414, is an extreme one, and has been criticised." (p. 535.) In *Mecartney v. Caskey,* 66 Kan. 412, 71 Pac. 832, tax-sale certificates issued by a county treasurer of this state on sales of real estate for delinquent taxes, owned by a nonresident, were held not subject to taxation in this state. The plaintiff, a resident of California, employed an agent to bid for real estate at tax sales and the certificates were sometimes kept in California and sometimes at the agent's office in Kansas. It was there said: "If the owner be a nonresident the certificate has no situs in this state." (p. 414.) *Kingman Co. v. Leonard,* supra, was followed as controlling authority, and attention was called (p. 415) to the criticism therein of *Fisher v. Comm'rs of Rush Co.,* supra. In *Johnson County v. Hewitt,* 76 Kan. 816, 93 Pac. 181, promissory notes belonging to a nonresident of Kansas given by a resident of Missouri and secured by trust deeds of real estate in Missouri, which had never been brought into this state but which were left for safekeeping only in a bank vault in Missouri, were held to constitute personal property with its location at the residence of the owner. It was pointed out (p. 821) that the statute places tax-sale certificates, judgments, notes, bonds, and mortgages, and all evidences of debt secured by a lien on real estate in the same category and distinguishes them from tangible personal property. *Kingman County v. Leonard,* 57 Kan. 531, 46 Pac. 960, and *Mecartney v. Caskey,* supra, were cited (pp. 821, 822.) It was said that the doctrine that the note is only the evidence of the debt constituting the owner's tangible property is thoroughly established. As to the intimation that such property might acquire a situs here for the purpose of taxation, it was declared:

"Notes, mortgages, tax-sale certificates and the like might be brought into the state for something more than a temporary purpose, be devoted to some business use here and thus become incorporated with the property of this state for revenue purposes. Such a situs has aptly been termed a 'business situs'" (Citing authorities). (p. 822.)

That to establish an independent business situs generally the element of the separation from the domicile of the owner and fairly permanent attachment to some foreign locality should

appear, together with some business use of them or some power of managing, controlling or dealing with them in a business way. "A merely transitory presence in a foreign state or a naked custody for safe-keeping is not enough." (p. 823.) Also that probably the weight of authority would not now sustain the holding in *Fisher v. Comm'rs of Rush Co.*, 19 Kan. 414, that the property had a business situs in Iowa because it was left there for collection. It was said:

"Although much confusion still exists, legal thought upon the subject of the taxation of intangible property has been considerably clarified since the opinions in the Wilcox and Fisher cases were written, and many of the arguments there advanced would now be regarded as unsatisfactory." (p. 825.)

In the recent case of *Freedom Township v. Douglas,* ante, p. 176, 160 Pac. 1147, holding valid chapter 276 of the Laws of 1905, prescribing where the property of certain insurance companies shall be listed for taxation, it was stated: ·

"It is entirely competent for the legislature, except as limited by the constitution, to fix the situs of property, tangible and intangible for the purposes of taxation. (37 Cyc. 947.) In the absence of specific legislation, debts evidenced by notes and mortgages are ordinarily taxed at the domicile of the owner." (p. 177.)

If the equities of the correlative doctrine of taxation and protection are to be considered, then so long as the notes in controversy remained in Illinois, the residence of the owner, they were under the protection of the Illinois laws. Their transmission here for payment and remittance can not reasonably be said as a matter of law to localize them for taxation, the legislature never having evinced such a purpose.

Attention is called to the case of *Liverpool & L. & G. Ins. Co. v. Board of Assessors,* 221 U. S. 346, holding certain choses in action owned by an insurance company doing business in Louisiana taxable there. But in that case the legislature had enacted, among other things, that " 'no nonresident, either by himself or through any agent, shall transact business here without paying to the state a corresponding tax with that exacted of its own citizens; and all bills receivable, obligations, or credits arising from the business done in this state are hereby declared assessable within this state, and at the business domicile of said nonresident, his agent or representative.' " (p. 350.) The effect of the decision was that the

legislature had power thus to localize for the purpose of taxation the situs of the credits there involved. But here we find no expression of legislative intention to fix a local situs, and, whether important or not, no equitable pressure requiring such localization.

The situation presented is one which under the general rule permits and calls for the operation of the maxim that personal property follows the domicile of the owner.

The judgment is reversed.